Per Curiam.

The justice had authority to administer an oath in the case stated, and the oath administered was in a judicial proceeding. The error consisted in granting the attachment upon the oath of the creditor applying. The statute (sess. 31. c. 204. s. 21.) directed the attachment to issue “ on application, and satisfactory proof being offered by the creditor,” and according to wíjaí *171 was said by this court in Brown v. Hinchman, (9 Johns. Rep. 75.) the proof here meant legal evidence, which could not be the oath of the party in interest, unless in cases in which the statute evidently permitted it. (a) The legislature, by allowing in a subsequent statute, (sess. 32. c. 186.) the party’s own oath in a case to which that decision applied, admitted that construction to be the true one. But the amendment did not apply to that section of the act, under which the oath in the present case was administered. We think, therefore, that the oath of the creditor applying, was not the “ satisfactory proof” intended by the act, and that the attachment issued without the requisite proof. It was, however, a question within the jurisdiction of the justice, what was satisfactory proof, for the statute had not defined it. He was, ex necessitate, and de jure, to judge and determine what was to him satisfactory proof; and if he made a mistake in judging of the proof, as he would have done in admitting a paper purporting to be a letter of the debtor, without evidence of the handwriting, it was a case of error of judgment, and not of excess of jurisdiction. The case of Smith v. Bouchier (2 Sira. 993.) does not appear to be applicable, for there the custom had prescribed a certain oath, and the magistrate did not act upon the one prescribed. If the justice here had acted without taking, or exercising any discretion, or judgment, as tq proof, the case would have applied. There are many cases, in the course of judicial proceedings, in which it is proper and necessary to take the party’s own oath, and the justice is authorized in many cases to do so, but though this be not one of those cases, it would be rigorous to hold all the proceedings void and coram non judice, so as, perhaps, to render the parties concerned trespassers. If the proceeding of the justice in the case before us, in consequence of this defect in the proof, is to be regarded as erroneous, and not void, then the better opinion seems to be, that perjury may be assigned in the oath so erroneously taken, and especially while the proceeding stands unreversed. (The King v. Sergeant and Annis, 1 Vent. 181. King v. Wright, 1 Sid. 148.)
The motion by the defendant for a new trial, qught therefore to foe denied.

 See Terry v. Fargo, ante, 11 &c. V.