ALBANY,
January, 1822.

KING
v.
PARKS.

KING *against* PARKS.

IN ERROR, on *certiorari*, to the Justices' Court in the city of *New-York*. This was an action for an assault and battery, and false imprisonment, brought by *Parks* against *King*, in the Justices' Court of the city of *New-York*, commonly called the Marine Court. *Parks* was a seaman on board the brig *The Two Marys*, in *October*, 1818, and signed the shipping articles. *King* was the master of the brig, bound on a voyage from *New-York* to *Charleston*, and thence to *Havre de Grace*. At *Charleston*, *Parks* left the ship, without leave, as he alleged, to enter a complaint against *King* for the murder of a coloured man, who had shipped as a *cook*, and to make a complaint against the mate for an assault. It did not appear that *King* was informed of the cause of his leaving the vessel. *Parks* was absent about two hours, when he was arrested on a warrant issued by a Justice of the Peace of *Charles*-

A *foreign* port or place, according to the true construction of the act establishing a Justices' Court in the city of *New-York*, means a port or place *without* the United *States.* That Court, therefore, have no jurisdiction of an assault and battery, &c. committed by a master of a vessel in the merchant service, on a seaman, in any port or place within the United *States.*

Where an injury to a person is caused by means of the regular process

of a Court of competent jurisdiction, an action on the *case*, not trespass, is the proper remedy.

*ton*, upon oath made by *King*, that he had deserted; and was confined a long time, though not for the whole time he was in gaol, on this commitment for desertion. The Court below gave judgment for *Parks*, for 80 dollars damages, and costs.

On the return to the *certiorari*, two grounds were stated on the part of the plaintiff in error, for reversing the judgment, to wit:

1. That the injury complained of having been committed in *Charleston, South Carolina*, one of the states of the Union, the Court below had no jurisdiction of the cause.

2. That *Parks* having been arrested on a warrant regularly issued, the action should have been *case*, not tresspass, assault and battery, and false imprisonment.

*Garr*, for the plaintiff.

*Anthon*, contra.

The cause was submitted to the Court on the points and authorities stated by the counsel for the parties.

SPENCER, Ch. J. delivered the opinion of the Court. The act (2 *N. R. L.* 381. 382.) gives to the Justices' Court in *New-York* jurisdiction of " all actions for assault and battery, or false imprisonment, done or committed by any master or commander of any ship or vessel in any merchant service, upon any officer, seaman or mariner, *on the high seas, or in any foreign port or place where such ship or vessel may then be, of which the ordinary Courts of law of this state now have cognizance,* notwithstanding the damages sustained or demanded by reason thereof, shall exceed fifty dollars."

We cannot be influenced in the decision of this point, by what is alleged to have been the usage in the Court below, to take cognizance of cases similarly circumstanced. The usage, which may have arisen from a laudable desire to enlarge their jurisdiction, cannot have acquired much force, because, the Court itself is of recent origin, and, probably, the question has never been fully discussed or considered. We are of the opinion, that *a foreign port or place,*

relatively to this state, must, *ex vi termini,* mean a port or place without the *United States.* None of the cases cited by the defendant's counsel, apply to the question as to what is a foreign port or place, as regards the state of *New-York.* He has cited the various decisions in this Court, as to the effect of a judgment rendered in one of the *United States,* when sued in this Court. For a time, this Court considered them entitled to no greater weight than the judgments of a Court in *Jamaica.* At length, however, they are placed upon the footing on which, in my judgment, they ought always to have been placed. They have the same effect which they would have. if sued on in the Courts of the state where they are rendered. (*Andrews* v. *Montgomery, May* term, 1821.*)

* *Ante* p. 162.

A foreign kingdom is defined " as one under the dominion of a foreign Prince, so that *Ireland,* or any other place subject to the crown of *England,* cannot be called foreign, though, to some purposes, they are distinct from the realm of *England.*" The several states of the Union are, as to their local governments and municipal regulations, distinct from each other; but, as regards their national concerns, and exterior relations, they compose but one government.

When, therefore, we speak of a foreign port or place, no one understands it to be a place within the *United States.* In the very act in which the Justices' Court is erected, and vested with jurisdiction, (2 *N. R. L.* 440. s. 251.) the legislature require every master of a vessel *arriving from a foreign country, or from any other of the United States,* to report the names, &c. of every passenger. This strongly marks the sense of the legislature, that the term a foreign country, expressed a different meaning, and did not include any other of the *United States.*

In the case of *The Overseers of the Poor of Chatham* v. *The Overseers of the Poor of Middlefield,** we decided, that the poor law, when providing for the settlement of persons " coming directly from some foreign port or place," meant coming from some port or place out of the *United States.* Again; in *Miller* v. *Hackley,* (5 *Johns. Rep.* 384.) we decided, that a bill of exchange made here, and drawn upon

* *Ante* p. 56.

ALBANY,
January, 1822.

KING
v.
PARKS.

a person within the *United States*, though in the same state with the drawer, was not a *foreign*, but an inland bill. The expressions in the statute conferring jurisdiction, of which the ordinary Courts of law of this state now have cognizance, and which are relied on by the defendant's counsel, have no influence on the question; for, the ordinary Courts would have jurisdiction, whether the assault was made in the port of *Charleston*, or *London*.

The Court below have merely stated, that the plaintiff below declared for divers assaults and batteries, and false imprisonments, committed on him by the defendant below, on the high seas, and in foreign ports; and that the defendant pleaded the general issue. Under this state of pleading, the *second* question cannot arise. The defendant was bound to plead, or give notice of the justification of the imprisonment, under a warrant to apprehend the plaintiff below, as a deserter.

The Court below admitted the justification, although it was objected to; but I consider the objection well taken here. The Court, however, erred, even on their own principles; for, whenever an injury to the person is effected by regular process of a Court of competent jurisdiction, trespass will not lie, but case only.

The judgment must be reversed on the first point.

*Judgment reversed.*


N. B.    The like judgment was given in the case of *King* v. *M'Millan.*