## TALLMAN vs. BIGELOW.

Affidavits of a *plaintiff* that *from reports and information* he believed that his debtor kept out of a county to avoid paying his debts, and of his *witnesses* that *they had been informed* that he had departed, and, *as his creditors said,* for the purpose of defrauding them, are not sufficient to authorize the issuing of an *attachment* by a justice.

This court reviews the proceedings of all subordinate tribunals as to their jurisdiction, and all questions of law arising before them.

On a *common law* certiorari, the plaintiff, though successful, does not recover costs.

ERROR on certiorari to a justice's court. Bigelow sued out an *attachment* against Tallman. The plaintiff, in the affidavit accompanying his application for process, stated that he believed that Tallman had departed from the county with intent to avoid his creditors, or to avoid the service of any process, and from reports and information, he believed that he kept out of the county to avoid paying his debts. The affidavits of two disinterested witnesses, required in such cases, were also produced, one of whom stated that he had been informed that Tallman had departed the county, and, as his creditors said, for the purpose of defrauding them out of their demands, and that he yet remained, as they believe, out of the county for the same purpose ; the other stated that Tallman, as he believed, had departed from the county, and with the intent to avoid process being issued against him. The property of Tallman was seized under the attachment, and the justice, on hearing the proofs of the plaintiff, gave judgment in his favor for $100. The defendant sued out a *certiorari*, returnable in this court.

*E. B. Morehouse*, for plaintiff in error.

*S. Crippen*, for defendant in error, insisted that a *common law certiorari* only brings up the *record* of the inferior tribunal, and that the court will not look into the evidence or interlocutory decisions for the purpose of reversal. He also insisted that the evidence adduced before the issuing of the attachment was sufficient to give the justice jurisdiction; that it was *satisfactory* to him, and he being constituted the judge of its sufficiency, the judgment should not be reversed, though the evidence was no more than colourable. 11 *Johns. R.* 175.

*By the Court*, NELSON, J. The power of this court to revise and correct the errors of inferior tribunals, so far as the jurisdiction of such tribunals is concerned, and the determination of questions of law arising before them and apparent upon the record or history of the proceedings, has been too often adjudged to admit of question. 2 *Caines*, 179. 20 *Johns. R.* 430. 5 *Wendell*, 98. 6 *id.* 564.

There can be no doubt the justice erred in issuing the attachment in this case, the affidavits of the plaintiff and of the witnesses being clearly defective, within the provisions of the statute, 2 *R. S.* 230, § 28. The case does not turn, as supposed by the counsel for the defendant, upon the question whether there was enough to give jurisdiction to the justice, so as to sustain the judgment until reversed, within the decision in 11 *Johns. R.* 175, but whether the justice erred in the application of the rules of law in any part of the proceedings, as may appear from the return to the writ. There probably was sufficient to protect the justice, and all others acting under the judgment, until its reversal; but the affidavits, without which the justice was not authorized to issue the attachment, are necessarily a part of the record, and are properly returned by the justice; and we cannot but see that he erred in adjudging them sufficient within the statute. The judgment must be reversed, but no costs can be awarded to the plaintiff; these cases are not embraced within any of the provisions of the general statute concerning costs, 2 *R. S.* 612,

*Vide* 7 *Cowen,* 536. There are some special cases where costs are given upon *certiorari* to this court, 2 *R. S.* 604, § 77 ; but this is not of the number.

Judgment reversed.