## COON *vs.* CONGDEN.

In *replevin, as in other actions,* an officer, prosecuted for an act done by him by virtue of his office, may plead the general issue and give the special matter in evidence *without notice.*

*It seems,* however, that if a notice had been deemed necessary, that given in this case would have been held sufficient, enough appearing to apprise the plaintiff of the defence intended to be relied upon.

A *justice's execution,* regular upon its face, is sufficient to protect the officer executing the process, whether the magistrate had or had not jurisdiction of the case in which the process issued.

THIS was an action of *replevin,* tried at the Cayuga circuit in December, 1831, before the Hon. DANIEL MOSELEY, one of the circuit judges.

The plaintiff declared for two horses. The defendant pleaded *non cepit vel detinet,* and annexed a *notice* to his plea, that on the trial he would prove that on, &c. at, &c. a judgment was rendered in a justice's court held by and before A. T., Esq., then and still being a justice of the peace of the town of, &c. duly authorized by law to render such judgment in a certain suit wherein David Merchant was plaintiff and Zebina Williams defendant, which judgment was rendered in due form of law, for $65,33 damages and $1,12 costs; that an execution was issued thereon with the consent of Williams, and delivered to the defendant in this cause, he being a constable, &c.; and that by virtue of such execution, he levied upon and seized, *of the proper goods and chattels of Williams, two certain horses,* as he was commanded and required by the execution; and that the *horses so levied upon are the same horses mentioned in the declaration.* On the trial, a question arose whether, *under the notice* attached to the plea, it was competent for the defendant to prove property in the horses in a third person: the judge decided that the defendant might give such evidence, which was given accordingly. The defendant produced a transcript from the justice's docket, of the judgment rendered in favor of Merchant against Williams, a copy of a written confession of judgment, and consent that execution issued forthwith, signed by Williams and certified by the jus-

tice. From the transcript, it appeared that the suit of Merchant against Williams was commenced by *warrant*, and no proof was specified in the transcript as exhibited to authorize the issuing thereof; nor did it appear that any affidavit of indebtedness had been made by the parties. This evidence was objected to by the plaintiff as insufficient, but the objection was overruled by the judge. The defendant produced the *execution* issued upon the judgment *which was regular upon its face* and warranted by the judgment. The jury, under the charge of the judge, found a verdict for the defendant, which the plaintiff now moves to set aside.

*J. A. Spencer*, for the plaintiff. The defendant was not entitled to give evidence of property in a third person, without plea or notice of such defence, notwithstanding the general provision, 2 R. S. 353, § 15, that in every action against a public officer, for any act done by him by virtue of his office, the defendant may plead the general issue, and give the special matter in evidence *without notice*. In *Calvin* v. *La Farge & Spallsbury*, 6 Wendell, 505, the court said that the legislature have enacted every thing in relation to the action of *replevin* in a distinct chapter, and the mode of *pleading* is particularly prescribed. That mode is to *plead* in abatement or in bar, or with the plea denying the taking or detention of the property to *give notice* of any matters which, if properly pleaded by avowry, cognizance or plea, would be a bar to the action, &c.; and then the defendant may give such matters in evidence, in the same manner and with the like effect as if the same had been pleaded. 2 R. S. 528, § 38, 44. Here a notice was given, but it was insufficient, as it did not show that the justice had jurisdiction to render the judgment under which the defendant attempted to justify, *Cleveland* v. *Rogers*, 6 Wendell, 432. Had the matter contained in the notice been put in the form of a plea, as was said by the court in *Mitchell* v. *Borden*, 8 Wendell, 572, it would most obviously have been bad upon general demurrer.

*A. Stewart*, for the defendant.

VOL. XII.                  63

ALBANY,
Oct. 1834.

Coon
v.
Congden.

*By the Court*, SUTHERLAND. J   The questions which arose upon the trial were, 1. Whether the notice annexed to the plea was sufficient to entitle the defendant to prove property in the horses out of the defendant, and 2. If it was not, whether the defendant, being a constable, had a right to give the matter in evidence under the general issue without notice.

I think the notice was sufficient to admit the evidence.   It contains an express allegation that the horses were the proper goods and chattels of Williams, the defendant in the execution, and that the constable seized them as such.   Independently of that fact, the notice contains no defence to the action.   A judgment and execution against *Williams* did not authorize the defendant to go upon the farm of *Coon* and take his property. The plaintiff must have understood the notice as setting up property in Williams, and that that was the question to be met upon the trial.   He could not have been misled.

But the evidence was admissible *without notice*.   The general provision, that in every action against a public officer for an act done by virtue of his office, he may plead the general issue and give the special matter in evidence *without notice*, 2 R. S. 353, § 15, 1 R. L. 155, § 1, is applicable to this case. This section, in its terms, embraces all cases—the action of replevin as well as every other action.   It was intended for the case and protection of public officers, and ought not to be abrogated by construction.   The 44th section of the act concerning the action of replevin, 2 R. S. 529, is in no respect incompatible with it.   That authorizes any defendant in replevin, with the plea of the general issue, to give notice of any matter which, if specially pleaded, would be a bar to the action.   It dispenses with the necessity of special pleading, but it does not impose the necessity of giving a special notice, in a case where, by a general statutory provision, it was before unnecessary.   The case of *Calvin* v. *LaFarge & Spallsbury*, 6 Wendell, 505, is very distinguishable from this.   There the application was on the part of the defendants in replevin, for leave to *reply* double.   The granting or refusing of such leave is a matter resting in all cases in the sound discretion of the court, 2 R. S. 356, § 27 ; and as the legislature had specially regulated the proceedings in this action, and given the

right to *plead* double, we felt ourselves authorized in giving a strict construction to the act, particularly as it would still rest in the discretion of the court whether it would grant the leave if the broader construction were adopted. The provision giving the right to *reply double* in any case was new also; it was not like the right of a public officer to give any matter of defence in evidence under the general issue, a pre-existing and long established right. This circumstance is entitled to considerable weight in construing this statute.

The judgment of *Merchant* v. *Williams*, upon which the execution was issued, was, under the circumstances of the case, sufficiently proved. The execution itself was produced and read upon the trial, and was admitted to be regular upon its face and authorized by the judgment. This being the case, it was a protection to the officer, whether the magistrate had or had not jurisdiction of the case, and whether his proceedings were regular or irregular. *Savacool* v. *Boughton*, 5 Wendell, 170, and cases there cited. *Wilcox* v. *Smith*, id. 231. *M'Guinty* v. *Herrick*, id. 240. 9 Wendell, 17, 35. 7 id. 89. In *Cleaveland* v. *Rogers*, 6 Wendell, 438, the defendant, who was a constable, avowed and justified the taking under an execution issued by a justice of the peace, upon a judgment rendered by him; and the plea did not set forth the facts necessary to give the justice jurisdiction, nor did it set forth the execution itself; upon demurrer the plea was held bad. The court had no means of judging whether the execution was regular upon its face, and contained enough to afford protection to the officer, within the principle of *Savacool* v. *Boughton*. It was a strict question of pleading. The evidence in this case was therefore properly admitted, and the motion for a new trial must be denied.