*Ex parte* L. Robinson *proceeded against as an absconding debtor.*

March, 1840.

In a proceeding against a person as an *absconding debtor*, the affidavit required by statute to be made by disinterested witnesses, though unqualified in its terms *that the debtor had left the state with intent to defraud his creditors,* is not enough to justify the issuing of a warrant; the witnesses must state *the facts and circumstances* to establish the grounds on which the application is made, so that the officer to whom the application is made may exercise a discretion in the matter.

THE proceedings in this case were brought up by *certiorari.* It was objected that the affidavit required by statute of disinterested witnesses, to authorize the issuing of the warrant, was not sufficient. The substance of the affidavit is stated in the opinion delivered by the Chief Justice.

*By the Court,* NELSON, Ch. J. The statute prescribes, that whenever the debtor shall *secretly depart from the state with intent to defraud his creditors,* &c., application for an attachment may be made, &c. 1 R. S. 765, § 1. The application shall be made in writing, verified by the affidavit of the creditor, &c. and among other things, shall state " the

grounds" upon which it is founded. § 4. And the facts and circumstances to *establish the grounds,* &c. shall be verified by the affidavit of disinterested witnesses. The witnesses in this case state that they had inquired for R. at his late residence, and were informed that he had left the state for Michigan, and was not in the county. They further say, *that he has left the state with intent to defraud his creditors.* The counsel for the applicant supposes that the fact itself of absconding with the fraudulent intent, is here affirmed by the two witnesses, and that it is better evidence than the *facts and circumstances.* The statute, however, requires them to be stated, and was intended to break up the practice of swearing within the words of the general ground upon which the process issued.

Affirming that a party has left the state *with intent to defraud his creditors,* may be predicated more upon matters of opinion, or belief, than upon fact. The affirmant may honestly believe, and thus affirm it in general terms; whereas, if called to state the facts and circumstances upon which he reached the conclusion, the officer (being thus enabled to exercise his judgment in the matter) might well differ from him. Certainly, as far as the witnesses here undertook to explain, they failed altogether in laying any foundation for their conclusion, unless we are to assume that a visit to Michigan is at least *prima facie,* if not conclusive evidence, of an intent to abscond in fraud of creditors. The case of *Smith* v. *Luce,* 14 Wendell, 237, is an authority on this point. There, in an analogous case, the affidavit was in the general words of the act, but was holden defective in not stating the *facts and circumstances* upon which the general affirmation was predicated.

Proceedings reversed.