Wood, J.
We have inspected the record in this case with all the attention the rights of the plaintiff seem to us to require. The instrument described in the indictment as a promissory note, and the one which the record shows was offered in evidence on the trial, appear to us to be the same. The only variance we are able to precoive is an indorsement of $9.73, paid on the latter. Such an indorsement, except under peculiar circumstances, is a memorandum made by the payee for his own convenience. It is *made subsequent to the execution and delivery of the note, [222 is separate and distinct from it, and the description is as complete without the indorsement as without the filing of the maker’s name, or the amount due: neither of which can be said to form any part of the note itself, and consequently need not be described by the pleader. In prosecutions for forgery, it has been held to be suffi *223 cient to set out that part of a written document only, which comprehends the particular instrument forged, though connected with other matter. 1 East, 180; East’s P. C. 925. In this case, the forged instrument was a receipt, in these words: March 18, 1733, received the contents by me, Stephen Withers," and it appeared in evidence that the receipt was forged at the bottom of an account. But it was holden by all the judges, that the indictment was sufficient, and that the account itself was only evidence to make out the charge of forgery. Leach, 68, and 3 Salk. 171, are to the same import. Stark. Crim. Pl. 111. On an indictment for perjury, it is sufficient, if enough be stated, to bring the defendant within the provisions of the statute. Rex v. Dowlin, 5 Term, 320.
In support of the second assignment, it is argued by the plaintiff’s counsel, that no written plea, nor affidavit of the truth thereof, was filed before the justice, who tried the cause; that it was, therefore, illegal to permit the plaintiff to testify that he did not execute the note, and that perjury can not be assigned on the oath so taken. The statute provides, that upon the “ plea of non assumpsit or nil debet, offered by the person charged as the maker,” etc., “ of any promissory note, it shall not be necessary for the plaintiff to prove the making of the note,” etc., “unless the party offering such plea shall make affidavit of the truth thereof,” etc. 36 Ohio L. 38, sec. 1. It is unnecessary for us to decide, whether this statute is applicable to proceedings before justices of the peace. It is of no consequence, whether the party be competent to testify or not, without such plea be filed, or the oath embodied in an affidavit. It is well settled, when the court has jurisdiction over the subject matter, if a witness totally incompetent be admitted he may commit perjury. It would be strange, indeed, if it were 228] *not so. The erroneous opinion of a justice of the peace in settling questions of competency, oftentimes nice and difficult, is no license to the witness, when improperly admitted, to set at defiance both the laws of God and man. There would be no “ perfection of reason,” in such a rule of action.
In Vansteenbergh v. Kortz, 10 Johns. 167, it was held by the Supreme Court of New York, that where the proceedings were not coram non judice, and in order to obtain an attachment, a justice of the peace admitted the incompetent oath of the party, the Statute requiring other “ satisfactory proof,” that perjury was assignable, in the oath so taken. Judge Spencer dissented from the *224 opinion of the court, upon the ground, that, as the “ satisfactory proof” required, was not submitted, the proceedings were coram nonjudice, and that perjury could not be assigned. Ho adds, however, “that the idea suggested, on the trial, that if a witness be illegally admitted, as, for instance, one who is interested, and he swear falsely, that such swearing will be perjury, is perfectly correct; for, in such case, there is jurisdiction, the witness is judicially admitted, and the oath is judicial.” The third assignment is so connected with the second, that it has been disposed of, in considering the latter. The fourth, or general assignment, raises no other question, and requires no further notice. We are, therefore of the opinion, there is nothing erroneous in the record, and the proceedings and judgment of the court of common pleas are affirmed, with costs.
Judgment affirmed