_____
'Halliday _v._ Noble.
_____

THE COURT said they would not reverse a judgment by default, in a criminal case. That a convicted criminal could not be got out of the state prison by default; but that they must be satisfied there was error in the record, or proceedings, of the court below. And they directed the plaintiff's counsel to argue the cause ex parte; which the counsel was proceeding to do, when

J. _McKeon_, district attorney, for the people, came into court and objected that the plaintiff had no right to bring on the argument of the cause out of its regular order on the calendar. He insisted that the district attorney alone had that right, under the 97th rule.

———————•———————

SAME TERM. _Before the same Justices._

HALLIDAY _vs._ NOBLE and others.

Where an application is made to an officer, by a receiver of an insolvent corporation, for a warrant to bring a debtor before such officer for examination, pursuant to the statute, (2 _R. S._ 464, § 42; _Id._ 469, §§ 67, 68, 72; _Id._ 43, § 12,) the petition for that purpose should state the facts upon which the application is founded, positively, and not in the alternative.

If the petition states that the person proceeded against has in his possession, either individually _or_ as administrator, &c., some property belonging to the petitioner; that such person, for the estate of his intestate, is indebted to the petitioner; and that he, either individually _or_ as such administrator, has in his hands a large amount of money, belonging to the petitioner; which he has not accounted for or

Halliday v. Noble.

delivered over to him; such petition will be defective, and will not authorize the issuing of a warrant.

If the person against whom an application of this nature is made, is indebted only as an administrator, he is not a person liable to be proceeded against, under the statute.

If a plea is bad in substance, the plaintiff is entitled to judgment, upon demurrer, although his replication is bad.

Where a declaration charges the defendant with having committed a trespass on a particular day, if the defendant pleads an act of his done on a previous day, as a justification, he should traverse the commission of the trespass on any other day, either before, or after, the day mentioned in his plea, and before the commencement of the suit.

In such a case, the justification, if true, applies only to the particular day laid in the plea; and without a traverse it would imply an admission that the trespass complained of was committed on any other day than that.

A special plea, in an action for an assault, battery, and false imprisonment, ought either to deny the trespass alleged in the declaration, or to state such facts as will show that the imprisonment was lawful.

On error from the superior court of the city of New-York. The facts are stated in the opinion of the court. On the decision of the cause in the superior court, the following opinion was delivered by Chief Justice Jones, upon the demurrer of the defendant Livingston.

" JONES, Ch. J. The real question between the parties, is whether there was sufficient ground for the recorder to issue the warrant, and if not, did the party take such agency in procuring the warrant, as to expose him to an action for trespass.

The gist of the case is whether the recorder could grant the warrant on the ' information and belief' of the party himself. There is no question between the parties as to the jurisdiction of the recorder to grant the warrant on the application of the receiver, when a man was supposed to be in possession of property belonging to this insolvent corporation, or to owe debts.

The act gives jurisdiction in such cases to the recorder, and authorizes him to act on the oath of the party, which is made evidence as to the possession of property by, and the indebtedness of, the party to be examined. Therefore the question is, whether this testimony, given on oath by the party was sufficient, that is, ' on his information and belief.' The party did

Halliday *v.* Noble.

not swear to the fact that Halliday was in possession of property belonging to Noble as receiver, but states it on his information and belief, which he got from the plaintiff in the suit. The act says that the fact is to be proved on the oath of the party, to his satisfaction, and there is a case which would show that it leaves him to be satisfied, and that this establishes the fact legally.

The conclusion to which the court comes on that question, is not material in this case. It is admitted, that whatever might be the effect of a want of jurisdiction, under certain circumstances, there was sufficient jurisdiction in this case to protect the officer who had the warrant. It was not one of those cases of lack of jurisdiction, such as expose a sheriff to an action. And the only question is, did the party make himself a volunteer in the case, and a party to the arrest, supposing it unwarrantable? Did the party stand in the same situation as the plaintiff, or any stranger that might interfere? What was the act of the party? He says the only agency he had in it, was to deliver the warrant from the recorder, at the request of the attorney in the suit, to the sheriff. And the question is, did it make him a party, so as to render him liable to an action for trespass?

We think not. It is clear that the clerk of an attorney, by taking a warrant to the sheriff, does not expose himself to an action. It would be his duty to do so, without knowing what the process might be, in a matter in which he was merely made the channel of conveyance, and we cannot see why Livingston does not stand in the same capacity. Though not a clerk, he was made the conduit pipe to convey the writ to the sheriff, and it would be going too far to say that every man without interest or intent, makes himself a party to the arrest of a defendant, because, merely from courtesy, or any other reason, he takes the process from the attorney, or any other person, to the sheriff, and delivers it to him; and that without giving any direction to the sheriff, he should expose himself to an action.

We therefore think, that showing this, was a sufficient bar to the action, and that the demurrer was well taken; and we

think the same reasoning applies to Lamberson, the attorney, who does no more than follow the direction of his client, and applies to the recorder for a writ, and sends it to the officer; especially in this case, where the attorney did all in his power to render the process inoffensive to the party, by directing his promise to be taken for his appearance, thus showing the absence of any premeditated malice to injure him.

Judgment for the defendant, with liberty to the plaintiff to reply de novo, &c.

*Halliday* v. *Lamberson.* The like judgment in all respects."

*E. Sandford,* for the plaintiff in error. The judgment given for the defendant upon the demurrers of the plaintiff to the rejoinders of the defendants respectively, were erroneous, and ought to be reversed; because the petition of John Noble, which is set forth in the several replications of the plaintiff to the pleas of the defendants respectively, did not give to the recorder any jurisdiction to issue a warrant against the plaintiff. The only foundation for the jurisdiction of the recorder was the petition. And that being defective, the warrant was unauthorized and void, and consequently the alleged justification under it wholly failed. The statute gives to receivers of the effects of insolvent corporations the powers, and imposes upon them the duties in respect to giving notice, that are conferred by law upon trustees to whom the assignment of an insolvent debtor may be made. (2 *R. S.* 469, § 68, 70.) The notice they are thus required to give, will be found in 2 *R. S.* 42, 43, § 8, *sub.* 1, 2. The same statute gives a forfeiture of double the amount of the debt in case of any concealment. No question arises on the pleadings, as to the notice. The statute further provides, " Whenever the trustees shall show by their own oaths, or other competent proof, to the satisfaction of any officer named, &c., that any person who shall not have rendered an account is indebted to the debtor, or has property in his possession belonging to such debtor, such officer shall issue a warrant commanding,

Halliday *v.* Noble.

&c., to cause such person to be brought before him to be examined." (2 *R. S.* 43, § 12.)

Here, the material facts set forth in the petition are stated merely upon the information and belief of the petitioner; first, in general terms, without naming the informant; and secondly, upon information derived from L. Livingston, Esq.; without annexing the affidavit of Livingston. The oath of Mr. Noble was, that he had read the petition, and that the same was true of his own knowledge, except as to matters stated on information or belief, and he believed those to be true. He states of his knowledge his appointment, and that he caused notice to be published; but every thing relating to the plaintiff is stated to be on his information and belief, except that the plaintiff has not delivered any money, property, or things in action to him, except some books. The matter set forth in the petition, as the foundation for the warrant against the defendant, being mere hearsay and wholly unsupported by any oath, did not constitute a showing upon the oath of the receiver, or other competent proof, of any fact entitling the officer to act, or which can support his motion in the premises.

The statute contemplates legal evidence. True, it makes the party a witness in his own favor. But the testimony he gives must be of a legal character, and of the same nature which is required in other cases. The petitioner must testify as to facts within his own knowledge, the same as any other witness. See *Vosburgh* v. *Welsh,* (11 *John.* 175,) where the court says, in order to give the officer jurisdiction, the proof must be at least colorable. If he acts upon any evidence short of legal proof, he is a trespasser.

The 4th amendment to the constitution of the United States declares that no warrant shall issue without oath. (*See Ex parte Burford,* 3 *Cranch,* 448; *Ex parte* ———, 7 *Hill,* 137.) The act to establish a uniform system of naturalization, (2 *Stat. at Large,* 153,) declares that the court shall be satisfied as to the applicant's being entitled to the benefits of the act; and it contains a proviso that the oath of the applicant shall in no case be admitted to prove his residence. In the case above

Halliday *v.* Noble.

referred to in *7th Hill,* the court says, the satisfactory proof required by the statute must be legal proof. In *Whitney* v. *Shufelt,* (1 *Denio,* 592,) the objection was not to the sufficiency of the facts, if properly proved, but because the petition did not state that the facts were within the petitioner's knowledge. (*See also matter of Bliss,* 7 *Hill,* 187; *People* v. *Recorder of Albany,* 6 *Id.* 429.) Where a party is permitted to be a witness in his own favor, there can be no hardship in requiring him to make legal proof. He must state facts within his own knowledge; and nothing is to be taken by intendment. It has been so repeatedly adjudged by this court, that it must be shown in support of these proceedings that the proper oath, application, and complaint was made, to authorize the issuing of the warrant, that the question cannot be deemed open for argument here. (*See Hill* v. *Stocking,* 6 *Hill,* 314; *Matter of Faulkner,* 4 *Id.* 598; *Ex parte Robinson,* 21 *Wend.* 672; *Connell* v. *Lascelles,* 20 *Id.* 77; *Ex parte Haynes,* 18 *Id.* 611; *Smith* v. *Luce,* 14 *Id.* 237; *Loder* v. *Phelps,* 13 *Id.* 46; *Tallman* v. *Bigelow,* 10 *Id.* 420; *Brown* v. *Hinchman,* 9 *John.* 75.)

The plaintiff was actually *arrested,* previous to being required to sign the promise to appear. The process directed the sheriff to take the body. If he made the arrest by virtue of the warrant, no verbal direction not to arrest would excuse. As to what is an arrest, *see Gold* v. *Bissell,* (1 *Wend.* 210;) 2 *Car. & Payne,* 361; 6 *Barn. & Cress.* 528. It is an arrest if the party submits to the process. (*Bull. N. P.* 62.) But there is no averment or proof, here, that the sheriff did not arrest the plaintiff. On the contrary, it is admitted that he did arrest him.

*A. S. Garr,* for the defendant Noble. The matters stated in the defendant Noble's second plea show that he had a right to apply to the recorder for a warrant to bring before him the plaintiff to be examined; and that the recorder had jurisdistion in the case. The facts set forth in that plea not being denied by the replication, the plaintiff has thereby admitted the existence of a state of facts, which, upon their being shewn to the

Halliday *v.* Noble.

satisfaction of the recorder, made it the *duty* of that officer to issue the warrant under which the defendant justifies. The replication is bad, because the new matter stated as inducement to the traverse, is not sufficient in substance to defeat the allegation in the plea, (1 *Chit. on Plead. 7th Am. ed.* 654. *Steph. on Plead. 3d ed.* 183, 184. *Gould on Plead. ch.* 7, §§ 14, 64, *p.* 382, 415, *of 1st ed.*)

The petition and affidavit upon which the warrant was issued, were sufficient to authorize the recorder to issue the same. The statute under which he acted, only requires that it should be shewn to his satisfaction, that there was " good reason to believe," &c. It does not, like the statutes, (2 *R. S.* 230, *orig.* § 28; *Id.* 228, *orig.* § 19 ; *Laws of* 1831, 404, § 35 ; 2 *R. S.* 3, § 5,) that were in question in the cases of *Tallman* v. *Bigelow*, (10 *Wend.* 420 ;) *Loder* v. *Phelps*, (13 *Id.* 46 ;) *Comfort* v. *Gillespie*, (*Id.* 404 ;) *Smith* v. *Luce*, (14 *Id.* 237 ;) and *Ex parte Robinson*, (21 *Id.* 672,) require an affidavit of " the facts and circumstances" on which the application is grounded. (2 *R. S.* 43, § 12. *Ex parte Fitch*, 2 *Wend.* 298. *Cases cited by Cowen, J. in Ex parte Haynes*, 18 *Id.* 612 *to* 614. *Matter of Faulkner*, 4 *Hill*, 598. *Matter of Bliss*, 7 *Id.* 189.) Admitting, for the sake of argument only, that the proof was insufficient, the issuing of the warrant by the recorder was an error of judgment, and not an excess of jurisdiction, and the proceeding was erroneous only, and not void. (*Van Steenbergh* v. *Kortz*, 10 *John.* 167. 1 *Cowen's Treatise, 2d ed.* 406. *Harmon* v. *Brotherson*, 1 *Denio*, 537.) In this case the court held that the judicial officer was not a trespasser ; and said, " whether the attorney is liable is a question which was not discussed at the bar, and will not therefore be considered." Where a court or officer has jurisdiction of the matter and of the person, the decision, although erroneous, is valid until reversed ; and its correctness cannot be collaterally examined in another suit. (*Brown* v. *Crowl*, 5 *Wend.* 299.) Where a process is erroneous or voidable only, trespass does not lie. (*Reynolds* v. *Corp*, 3 *Caines*, 267. 2 *Selw. N. P.* 116. *King* v. *Parks*, 19 *John.* 375. *Butler* v. *Potter*, 17 *Id.* 146. *Biddell* v. *Pakeman*, 2 *Cr., M. & Rosc.*

Halliday *v.* Noble.

30. *S. C.*, 3 *Dowl. P. C.* 714.) Even if the recorder, in issuing his warrant, exceeded his jurisdiction, still the defendant is not a trespasser; he having merely stated his case to the recorder. (*Carratt* v. *Morley*, 1 *Ad. & Ellis N. S.* 28. *S. C.*, 1 *Gale & Davison*, 275. *West* v. *Smallwood*, 3 *Mees. & Wels.* 418. *Cave* v. *Mountain*, 1 *Man. & Granger*, 257. *Painter* v. *Liverpool Gas Co.*, 3 *Ad. & Ellis*, 433.) If any action lies, it is case and not trespass. (*Elsee* v. *Smith*, 1 *Dowl. & Ryl.* 97. *Hopkins* v. *Crowe*, 7 *Carr. & P.* 373.)

*Livingston Livingston*, for the defendants Lamberson and Livingston. The matters set forth in the second plea of the defendant Lamberson, and in the third and fourth pleas of the defendant Livingston, are a complete justification; inasmuch as John Noble, as the receiver of the corporation, had a right to apply to the recorder for a warrant to bring before him the plaintiff, to be examined; the recorder having jurisdiction of the matter. (2 *R. S.* 464, § 42. *Id.* 469, §§ 67, 68, 72. *Id.* 43, § 12.) The matters that are stated in the pleas and admitted in the replication, constitute a complete defence to the action. The pleadings admit that such a state of facts did exist as, if shewn to the satisfaction of the recorder, would have justified the issuing of the warrant. The replication is bad; because the new matter stated as inducement to the traverse is not sufficient, in substance, to defeat, nor does it even contradict, the allegations in the pleas. (1 *Chit. on Plead.* 5th Am. ed. 538. *Gould on Pl.* ch. 7, §§ 14, 64, *p.* 382, 415. *Steph. on Pl.* 208, 1st ed.) The plaintiff should have denied that it was shewn to the satisfaction of the recorder, and not have set forth the evidence that was produced before the recorder to satisfy him. For pleading the petition is pleading the evidence of facts, instead of pleading facts themselves, and therefore the replication is demurable. (*Commercial Bank* v. *Canal Commissioners*, 10 *Wend.* 32. 1 *Saund. Plead. & Ev.* 417. 1 *Chitty's Pl.* 207.) Even had the plaintiff joined issue on the averment that it was shown to the satisfaction of the recorder, &c., the replication would have been demurable; inasmuch as that is an

Halliday *v.* Noble.

immaterial averment. For the warrant is set forth in the pleadings, and is signed by the recorder under his seal, in which he states that it hath been shewn, shewn to his satisfaction, &c. The plaintiff should have denied the issuing of the warrant, and every other subsequent material averment. It was unnecessary that the application to the recorder should have been made by an attorney. And by the pleadings, it does not appear that either of the defendants, Lamberson or Livingston, presented the petition to the recorder, or signed the warrant as an attorney, or otherwise, or did any thing in the premises, except deliver the warrant to the sheriff, as the agent or attorney of the receiver. If these defendants are sought to be connected in any other way with the alleged trespass, the plaintiff should have replied that they acted as the attorneys in presenting the petition, or that they signed or issued the warrant, or directed the sheriff to arrest the plaintiff, or did some other act to connect them with the alleged trespass. The mere delivering of a warrant, regular on its face, to the sheriff, does not make the person delivering it a party to the proceeding. Private persons taking process from a judge, are much more protected than officers. (*Beatty* v. *Perkins*, 6 *Wend.* 382.) The warrant is regular on its face, and will protect the officer and the defendants Lamberson and Livingston : it was issued, not by the defendants, but by the recorder, under his seal. It is not an imprisonment when a warrant is only used as a summons, and the plaintiff goes voluntary before a magistrate. In this case the warrant was used only as a summons. The endorsement on the back waived the arrest under the warrant, and directed the officer to take the plaintiff's promise to appear. (4 *Phillip's Ev.* 201, *n.* 3. *Shergold* v. *Halloway*, 2 *Strange's Rep.* 1002. 4 *Comyn's Dig. tit. Imprisonment, H.* 7, *p.* 626, *Am. ed.* 1825.) The warrant being regular on its face, and having on it the endorsement not to arrest the plaintiff, the defendant who delivered it to the sheriff would have been protected if the plaintiff had been arrested, although the officer might not, in consequence of his disobeying the endorsement. But in this case there is no evidence of an arrest. The officer was not directed

to take a promise in writing. Nor was there in fact any interference with the liberty of the plaintiff. The affidavit of mere belief, &c. is sufficient under the statutes authorizing the warrant. Those statutes differ from the statutes respecting justices' courts, and the act to abolish imprisonment for debt, and as to absconding debtors, &c. The latter mentioned statutes require the facts and circumstances to be stated under oath, and the former does not. (*Justices' Act*, 2 *R. S.* 228, § 19. *Id.* 43, § 12; 664, § 42. *Absconding Debtors*, 2 *R. S.* 3, § 5. *Non Imprisonment Act, Laws of* 1831, *p.* 396. *Ex parte Haynes*, 18 *Wend.* 614.) All the cases cited by the counsel for the plaintiff in error were under statutes requiring facts and circumstances to be stated. The statute under which this proceeeding was had, does not require competent proof; but merely proof that there is reason to believe. The former statute, (1 *R. L. of* 1813, *p.* 163, § 23,) requires proof to the satisfaction of the judge. And under that statute it has been held that proof upon information and belief was sufficient. (*Ex parte Fitch*, 2 *Wend.* 298.)

If a court or officer have jurisdiction of the subject matter, the correctness of the decision cannot be examined collaterally in a civil suit. (*Cowen & Hill's Notes to* 3 *Phillips' Ev.* 973. *Buquet* v. *Watkins*, 1 *Miller's Lou. Rep.* 131.) In this case the recorder acted judicially, in granting the warrant; and an error in his decision does not make the warrant void. But it is valid until the decision is reversed; and until reversed it is a protection to all parties. (*Tallman* v. *Bigelow*, 10 *Wend.* 420. *Reynolds* v. *Corp*, 3 *Caines*, 270. *Brown* v. *Crowl*, 5 *Wend.* 298. *West* v. *Smallwood*, 3 *Mees. & Wels.* 418. *Van Steenberg* v. *Kortz*, 10 *John.* 167. *Butler* v. *Potter*, 17 *Id.* 145.) Where the court has jurisdiction over the subject matter, and the process does not show want of jurisdiction on its face, as to the person or place, it is not void, but is a protection to an officer for all ministerial acts done by virtue of that process. (*Savacool* v. *Boughton*, 5 *Wend.* 180. *Bull. N. P.* 83. *Willes*, 32. *Cleaveland* v. *Rogers*, 6 *Wend.* 442. *Smith* v. *Shaw*, 12 *John.* 267. *Coon* v. *Congden*, 12 *Wend.* 499. *Carratt* v. *Mosley*, 1

Halliday *v.* Noble.

*Gale & Davison,* 275.) It appeared upon the face of this warrant that the recorder had sufficient evidence as to the facts set forth in the petition. This was enough to furnish a protection to the officer. No action for false imprisonment under process that is voidable only and not void, is maintainable until the process is set aside. So long as it continues in force, its validity cannot be attacked in a collateral proceeding. (*Riddell* v. *Pakeman,* 2 *Cromp. & Mee. Rep.* 30. 3 *Dowl. Prac. Cas.* 714. *Reynolds* v. *Corp,* 3 *Caines,* 270. *Brown* v. *Crowl,* 5 *Wend.* 298.)

A justice's execution, regular on its face, is a protection to the officer, whether the magistrate had, or had not, jurisdiction of the case, and whether his proceedings were regular or irregular; although the suit was commenced by warrant, and no proof appeared to authorize the issuing thereof; and although it did not appear that any affidavit of indebtedness had been made by the parties. (*Coon* v. *Congden,* 12 *Wend.* 496. *The People* v. *Cooper,* 13 *Id.* 384. *Cave* v. *Mountain,* 1 *Man. & Gran.* 257.) On an attachment. issued under the justices' act, (2 *R. S.* 228,) upon affidavits on mere belief, the court on certiorari set aside the proceedings, on the ground that the justice erred in the application of the rules of law; but said there probably was enough to protect the justice, and all others acting under the same until its reversal. (*Tallman* v. *Bigelow,* 10 *Wend.* 420.) [CADY, J. Is there any case deciding that proceedings of this nature may be commenced against executors or administrators?] I am not aware of any decision upon the subject; but I think it clear that the statute authorizes proceedings against administrators, as well as against other persons. [CADY, J. We very much doubt it.] The proceeding here was against the plaintiff in his individual as well as in his representative character. [CADY, J. You cannot proceed against him as administrator, any more than you could proceed against an administrator as an absent debtor. And if the claim is in the alternative it amounts to nothing. So far as relates to the call upon the administrator to render an account of the debts due by his intestate, Noble had no right to such an account. It is impossible for an administrator to render such an account.]

*E. Sandford*, in reply.    It is requisite not only that the officer applied to shall have jurisdiction, but that the application be made in proper legal form.    The plaintiff in this case was not a proper person to be proceeded against in this manner. It was a case within the decision in 6 *Hill*.    The administrator had no means of rendering an account.    He could not have any personal knowledge.    Besides, it was not his debt.    It was the debt of his intestate.    The property was alleged to be in his possession either as administrator or individually.    The statute means legal proof—such proof as would be received in a court of justice.

By the Court.    On the 20th of July, 1841, John Noble, one of the defendants, was, by the court of chancery, appointed a receiver of the property and effects of The New-York Northern Fire Insurance Company.    And on the 13th of August thereafter, he published such notice as is required by 2 *R. S.* 469, § 70.    On the 24th of November, he presented a petition to the then recorder of the city of New-York, setting forth, in substance, his appointment as receiver ;  that he had published such notice as is above mentioned, and that he had been informed, and verily believed, that the plaintiff had in his custody or possession, either individually, or *as administrator*, &c. with the will annexed of Robert Halliday, deceased, some property belonging to the petitioner, as such receiver.    And that the plaintiff, for the estate of the said Robert Halliday, deceased, was indebted to the petitioner, as such receiver, and that the plaintiff, either individually *or* as such administrator, had in his hands a large amount of money, belonging to the petitioner as such receiver, and had such property, &c. in his possession, or custody, and was so indebted prior to, and on the 13th of August then last.    That the plaintiff had not delivered any money, property, or thing in action, to the petitioner, except some books belonging to the said company.    That he, the petitioner, had been *informed and believed*, that the plaintiff had informed Livingston Livingston, before the appointment of the petitioner as receiver, that he, the plaintiff, had, as administrator of Rob-

ert Halliday, deceased, between $3000 and $4000, belonging to the said company, and was ready to pay it over, as soon as there should be any person legally entitled to receive it.   That the plaintiff had declined, and refused, to pay the same, or any part thereof, and pretended that he had no funds belonging to the corporation.   The petitioner therefore prayed, that a warrant might be issued by the recorder, commanding the sheriff of the city and county of New-York, or any constable of that city, to cause the plaintiff to be brought before the recorder at such time and place as might be necessary and proper, for the purpose of examining the plaintiff, pursuant to the statute in such case made and provided.   The petition was signed by the defendant John Noble, and by the defendant Frederick W. Lamberson, as attorney, and was verified as follows :

" State of New-York.   City and County of New-York, ss :

On this 20th day of .November, 1841, before me, came John Noble, the above named petitioner, who being duly sworn, did depose and say, that he had read the foregoing petition, and knows the contents thereof, and that the same is true of his own knowledge, except as to matters which are therein stated to be on his information and belief, and as to those matters he believes it to be true.                    FRANKLIN BROWN,
                                          Commissioner of Deeds."

On the twenty-fourth day of November, 1841, the said recorder, under his hand and seal, issued a warrant directed to the sheriff of the city and county of New-York, and to any constable thereof, in substance as follows :

Whereas John Noble, of the city of New-York, receiver of the property, estate, and effects, &c. of the New-York Northern Fire Insurance Company, hath shown by his own oath, to my satisfaction, that there is good reason to believe that Edward C. Halliday, either individually or as administrator with the will annexed, &c., of Robert Halliday, deceased, was indebted to the said John Noble as such receiver, and hath not rendered an account of such indebtedness, pursuant to the statute in such case made and provided ; and that he hath ˙prop-

erty in his possession or custody belonging to such receiver. These are, therefore, in the name of the people of the state of New-York, to command you, and every one of you, to cause the said Edward C. Halliday to be brought before me, at my office, in No. 20 Nassau-street, in the city of New-York, on the third day of December next, at eleven o'clock in the forenoon, for the purpose of being examined. The warrant was delivered to the said sheriff, and was served by him. The defendants, in their pleas, do not agree as to the mode of service.

The plaintiff in this suit declared against the defendants in an action for an assault, battery, and false imprisonment; and in the declaration alleged that on the second day of December, 1841, the defendants assaulted, beat and imprisoned him, for the space of two days. The defendants pleaded separately, and each of them pleaded the general issue, and one or more special pleas. The first special plea of the defendant, John Noble, is in substance as follows : 1. That he was, on the 20th day of July, 1841, by the court of chancery, appointed a receiver of the property and effects of the New-York Fire Insurance Company. 2. That on the 13th of August, 1841, he published a notice according to law, requiring all persons indebted to the company, to render him an account by the 26th day of September then next, of all sums, &c., and to pay the same, and requiring all persons having in their possession any property of the corporation, to deliver the same to him. 3. That at the time of the publication of the said notice, the plaintiff, as administrator with the will annexed of Robert Halliday, deceased, was indebted to the said corporation in the sum of $3908,22; and had property in his possession belonging to the said corporation, of the value of $4000; and that he did not render an account of the said debt, nor pay the same, nor deliver the property to the defendant as required by law. 4. That on the 24th of November, 1841, he showed by his own oath, to the satisfaction of the then recorder of the city of New-York, that there was good reason to believe that the plaintiff, either individually, *or* as administrator as aforesaid, was indebted to the said corporation, *or* had in his possession property belonging

to the said corporation; and that the plaintiff had not rendered an account as required by the said notice. 5. That thereupon the recorder issued a warrant, setting it out as above mentioned, which warrant he delivered to the sheriff of New-York, as he lawfully might; who, on the 2d day of November, 1841, arrested the plaintiff, and caused him to be brought before the said recorder, &c., as he lawfully might; which are the supposed trespasses, &c.

To this plea the plaintiff replied, setting out the said petition, and the jurat, and alleging that it was presented to the recorder on the 24th day of November, 1841; and concludes his replication with a traverse, that the defendant showed by his own oath, to the satisfaction of the recorder, &c. To this replication the defendant, John Noble, rejoined, admitting that he presented such petition to the recorder, and re-asserting that he did show by his own oath, &c., as in his second plea was alleged, and concluded to the country. To that rejoinder the plaintiff put in a general demurrer, and thereby admitted that the defendant Noble did show by his own oath, as was alleged in the plea and rejoinder.

The question upon this demurrer is, whether the matter which the defendant alleges, in his plea and rejoinder, he showed by his own oath, to the satisfaction of the recorder, was sufficient to authorize the recorder to issue the warrant set out in the plea? The matter alleged is put in the alternative—"That the plaintiff individually, *or* as administrator, was indebted, &c., *or*, had in his possession property, &c." It is altogether uncertain from the matter alleged, whether the plaintiff owed in his individual, *or* representative character, *or* whether he was indebted at all, or whether he had property in his possession belonging to the corporation. If the plaintiff was indebted only as an administrator, he was not a person liable to be proceeded against under the statute. (1 *John. Cases*, 375. *In the matter of Hurd*, 9 *Wend.* 465. 2 *R. S.* 3, § 3.)

And the allegation being that the plaintiff was indebted either individually, *or* as administrator, it was left altogether uncertain whether he was, or was not, a person liable to be pro-

Halliday v. Noble.

ceeded against. Should a person go before a magistrate and make oath that his neighbor, John Doe, had stolen, *or* borrowed his axe, the magistrate would have no right to issue a warrant to arrest John Doe for a theft; because such an oath would render it wholly uncertain whether the accused had committed any offence so as to subject himself to an arrest. So in this case, if the defendant had made oath before the recorder, in the most positive terms, that the plaintiff did individually, *or* as administrator, owe the corporation, *or* had property belonging to the corporation, it would not have been sufficient to legalize the warrant issued against him.

The defendant Livingston Livingston pleaded three special pleas. Only two of them, however, are to be examined. His second special plea is in substance that the defendant John Noble was appointed a receiver, and published such notice as is above mentioned. That at the time of the publication of such notice, the plaintiff, as the administrator with the will annexed of Robert Halliday, deceased, was indebted to the said corporation in the sum of $3908,22, and had property in his possession belonging, &c. and that he had not accounted for or paid the said money, or delivered the said property; and that the said receiver by his own oath showed to the satisfaction of the recorder that there was good reason to believe that the plaintiff had in his possession, either individually or as the administrator as aforesaid, some property belonging, &c.; and that the plaintiff *or* the estate of the said Robert Halliday, deceased, was indebted to the said receiver; and that the plaintiff, either individually *or* as such administrator, had in his hands a large sum of money belonging to the said receiver, and had such property, &c. in his possession, and had not delivered to the said receiver any account of such indebtedness, &c. And that thereupon the recorder issued a warrant which is set out in the plea. That the defendant, for and on behalf of Frederick W. Lamberson, the attorney in the warrant named, as he lawfully might, afterwards, and before the return thereof, to wit, on the 24th day of November, 1841, delivered the said warrant to the sheriff. That on the warrant was

Halliday *v.* Noble.

endorsed a direction to the sheriff to take the plaintiff's written promise to appear at the return of the warrant. That the sheriff, under and by virtue of the said warrant, as he lawfully might, informed the plaintiff of the warrant, and requested him to give a promise in writing to appear, &c. which the plaintiff did, and appeared accordingly; which are the same trespasses in the declaration mentioned, and whereof the plaintiff hath complained. To this plea the plaintiff replied, by alleging that the defendant, John Noble, presented his petition to the recorder, and then setting out the petition and jurat, and traversing that John Noble did by his own oath show to the satisfaction of the recorder, as in the plea was alleged. To that replication the defendant, Livingston Livingston, demurred; and thereby he admitted that the defendant, John Noble, did not show by his own oath, to the satisfaction of the recorder, as was alleged in his plea. If that allegation in the plea was material to the defendant's defence, then he has, by admitting it to be untrue, defeated his defence. But if it be an immaterial allegation, then the traverse in the plaintiff's replication is bad, and the demurrer well taken. But then the question arises, is the plea good? If the plea be bad in substance, the plaintiff is entitled to judgment, although his replication may be bad. The plea professes to answer the *whole* declaration. The declaration contains three counts, in each of which the defendant is charged with having committed an assault, battery and false imprisonment, on the 2d day of December, 1841. The plea contains no answer whatever to these three distinct trespasses alleged to have been committed on the 2d day of December, 1841; but alleges that on the 24th day of November, 1841, the defendant delivered a certain warrant to the sheriff. If the defendant intended to plead this act of his on the 24th day of November, 1841, as a justification of the trespass alleged in the declaration, he should have traversed the commission of the trespasses on any *other* day, either before, or after, the day mentioned in his plea, and before the commencement of the suit. The justification, if true, applies only to the particular day laid in the plea, and without the

traverse would therefore imply an admission that the trespass complained of was committed on any other day than that. (*Gould's Pleading*, 359, *ch.* 6, *pt.* 11, § 99, *and the cases there cited.*)

Again; a special plea in an action for an assault, battery and false imprisonment, ought either to deny the trespass alleged in the declaration, or to state such facts as will show that the imprisonment was lawful. But in this special plea there is no denial of the trespass alleged in the declaration, nor any statement of such facts as can justify the imprisonment. Strike out of the defendants' plea the allegation that the defendant Noble did show by his own oath, to the satisfaction of the recorder, &c. which the defendant by his demurrer admits to be immaterial or untrue, and the plea will contain no matter upon which the plaintiff could safely take issue. The plea throughout is in the affirmative, and contains nothing except that which the plaintiff did traverse, which it was necessary for him to deny. It is believed, therefore, that the superior court erred in giving judgment for the defendant on his demurrer.

The fourth plea of the defendant Livingston Livingston, varies from his second plea in this : instead of stating how the recorder gained jurisdiction, it is alleged therein that the recorder having jurisdiction of the premises, under and by virtue of the fourth title of the eighth chapter of the third part, and the second title of the fifth chapter of the second part of the revised statutes, issued a warrant, &c. The plaintiff in his replication to that plea, set out the petition and jurat before stated, and alleged that they were presented to the recorder, and upon that petition, so signed and verified, the recorder did issue the warrant under his hand and seal, in the words and figures in the defendant's fourth plea set forth. And then traverses that the recorder had jurisdiction, in the manner set out in the defendant's fourth plea. The defendant demurred to that replication, and thereby admitted that the recorder had not jurisdiction, as was alleged in the fourth plea ; which plea is deemed bad in substance, for reasons similar to those which

have been stated in relation to the defendant's second special plea.

The special plea of the defendant Frederick W. Lamberson, and the pleading which followed it, are so like the second special plea of the defendant Livingston Livingston, and the replication to the same, and the demurrer to that replication, that it is not deemed necessary to say more in relation thereto, than that the judgment of the superior court in his favor is erroneous. It is therefore ordered that the judgment of the superior court, in favor of the defendants John Noble, Livingston Livingston, and Frederick W. Lamberson, be reversed.

