## NEW-YORK COMMON PLEAS.

### HARLAY agt. RITTER & WIFE.

In an action against *husband and wife*, where the husband is joined in right of his wife—that is, where the action concerns the separate estate of the wife—it is not now necessary, as it was under the former practice, that *application be made to the court* for the wife to answer *separately*. She may now answer separately, of course, and without such application.

*New-York Special Term, November,* 1859.

MOTION to strike out the separate answer of the wife of defendant Ritter.

BRADY, J. It is a general rule in equity, that, in a suit against husband and wife, the husband must procure the joint answer of himself and wife to be put in; and if either party wishes to answer separately an order should be first obtained allowing it. (*Barbour Ch. Pr.*, 1 *Vol.*, 150; *Leavitt* agt. *Cruger and wife,* 1 *Paige Ch. Rep.*, 421; *New-York Chemical Co.* agt. *Flowers and wife,* 6 *Paige,* 659; *Smith's Ch. Pr.*, 1 *Vol.*, 252.)

It is stated by *Smith*, however, on the same page cited, that a wife is entitled to put in an answer separately from her husband on three grounds:

1. If the husband and wife are made defendants in right of the wife.

2. If the husband and wife live separate and apart.

3. If the husband is out of the jurisdiction; and that, though an order is necessary to allow the separate answer, it will be granted as matter of course, on motion or petition, predicated on either of the grounds above mentioned. The cases above cited from *Paige* were foreclosures, and, under the Code, I have not been successful in finding but three cases bearing upon the question suggested. (*Erickson and another* agt. *Vollmer, &c.,* 11 *Howard Pr. Rep.* 43; *Young* agt. *Seeley and wife,* 12 *id.* 395; *Arnold and others* agt. *Ringgold and wife,* 16 *id.* 158.)

In the case in the 11 *Howard*, the action did not concern the separate estate of the defendant's wife. The object of the action was, to set aside a conveyance executed by the defendant, the wife having only an inchoate right of dower. The wife could not have answered separately, without authority to do so by order of the court, thus recognizing the equity rule in existence prior to the Code. In *Youngs* agt. *Seeley and wife*, the action was brought to set aside a conveyance to her as fraudulent and void. Her husband was united with her, and put in an answer which was not verified by her. It was held, that the answer should have been verified by her, and that, if the deed was valid, the plaintiff had no claim in the premises, and that her right under it would amount to a separate estate, which she would have a right to dispose of under the statutes of 1848 and 1849, independently of her husband. The statutes of 1848 and 1849 have enlarged the rights of married women in reference to the ownership and possession of real estate; but, by the usages and laws of the colony and state of New-York, a married woman could convey her lands or any interest therein by deed, although her husband did not join therein. (*Albany Fire Insurance Company* agt. *Bay, &c.,* 4 *Com.* 9.)

And she was regarded in equity as a *feme sole*, in reference to her power over her separate estate. Taking into consideration the independent position of a married woman in this state, as to her separate property, there seems to be no reason for adhering to the rule in equity, which requires leave of the court to be obtained before a separate answer can be put in by a *feme covert*, where the action is not based upon any instrument jointly executed by herself and husband; and where, as in this case, she claims an exclusive right to the estate sought to be appropriated to the payment of her husband's debts. Having the power to hold her separate estate as a *feme sole*, she should be permitted to defend her title in that capacity, and to enjoy, as other suitors, all the privileges and rights pertaining to courts of justice, not as a favor, but as an absolute right. In one case in this district, the right of a married wo-

Harlay agt. Ritter and wife.

man, sued in reference to her separate estate, to demur separately without leave of the court, has been decided. (*Arnold, &c.*, agt. *Ringgold, &c., supra.*)

By section 114 it is provided, that when a married woman is a party her husband must be joined with her, except in cases where the action concerns her separate property, and where the action is between herself and her husband. It follows, therefore, that in actions against a married woman, in reference to her separate estate, the husband must be joined, and that the husband is made a defendant in right of the wife. As we have seen, in such cases, the wife may answer separately, as matter of course, on application. (*See Ch. Pr., supra.*)

The Code (§ 157) provides, that if there be several parties united in interest, and pleading together, the verification to the pleading may be made by one of such parties acquainted with the facts. In this case the husband and wife are not united in interest, and a verification by the husband, of a joint answer, would not be sufficient: (*Youngs* agt. *Seeley and wife, supra.*)

It thus appears that the wife held her separate property as if she were a *feme sole;* that, when sued in reference to it, although her husband must be joined with her, an answer put in by him for her would not be good without her verification, and that, in cases where the husband is joined as a defendant in right of his wife, she may answer separately as matter of course, if she apply for leave to do so. However harmonious with the old practice, which originated during the existence of the more severe legal doctrines in relation to a married woman, her estate, and her being, there seems to be no reason for the longer continuance of the rule requiring her to ask leave of the court to answer, when the action concerns her separate estate, and, in my opinion, such a rule would not only impose the performance of an idle ceremony, but would impair her right to enjoy and protect her separate estate in the manner, and to the extent and purpose, designated by the legislature. And I think, as well, that it would not be in accordance with the spirit of the Code, which was to "simplify" as

well as "to abridge the practice, pleadings and proceedings of the courts of this state." For these reasons the separate an·swer of the defendant Sarah Ritter was, in my judgment, properly made in this case, and it is my opinion that the motion to strike it out should be denied, but, as the question is novel, without costs to either party.

Order accordingly.