Bockes, J.
This case comes before the court on a motion to confirm the inquisition, and for the appointment of a committee of the person and estate of the alleged lunatic ; also, on a motion to set aside the proceeding and inquisition for irregularity and informality. The motions were directed by the court to be heard together, and were so heard.
It is first urged that the order granting the commission and directing the taking of the inquisition was irregular and unauthorized, for the reason that George A. Doud, one of the heirs-at-law of the alleged lunatic, had no notice of the application pursuant to section 2325 of the Code of Procedure. This omission was but an irregularity, at most, and must be deemed to have been waived by this heir-at-law, by his neglect to take advantage of it immediately after having actual knowledge of the proceeding. In this case he had actual knowledge of the proceeding, and to some extent participated in it by interposing his aid to defeat it. Notice to all the relatives is not required to be given (see section 2325), so notice to this party was nota jurisdictional necessity. The object of the requirement that notice be given to “ one or more of the relatives” is to prevent secrecy and unfairness in the proceeding. The party now objecting had full knowledge and due notice of it, save that the notice to him was not in writing ; *143 and he was present on the taking of the inquisition. If he had desired to raise any objection on this ground, he should have moved immediately on learning of the proceeding, for liberty to be heard on his objection of want of notice. He should not have waited until after the inquisition had been found. Certainly, he should not be now heard on this objection, without showing clearly that he had suffered some wrong or injury by reason of the want of notice, or that if notice had been given him, he might and would have been able to prevent the proceeding, or to show it unnecessary or wrongful.
Thus, in the first places he shows no absolute right to notice; and secondly, fails to show, even a probability, that any different result would have been reached in the proceeding, had notice to him been given.
It is next urged that it did not appear in the moving papers whether any previous application had been made for a commission to issue. This objection is based on rule 25 of this court. I do not think this rule has application to the granting of an order by which a special proceeding is instituted. The rule was intended for cases where orders were asked for in pending actions. But were it otherwise, this omission was but an irregularity, which should be taken advantage of on the first opportunity. Here the party has delayed the raising of the objection, having full knowledge of the proceeding, until much labor and expense have been incurred; and taken the chances too, of a result favorable to his wishes. He should now be concluded by such result, from raising mere technical objections, in ho way affecting the merits. The objection comes too late' under such circumstances.
It is said that, as matter of fact, a like previous order had been obtained; not, however, on these papers, or in this proceeding; and it is made to appear that *144 the former application and proceeding were abandoned long since, without taking any action thereunder.
It is next urged that the inquisition is defective and insufficient in this : that Mr. Rogers is not found thereby to be a “lunatic.” The finding is “ that the said Walter Rogers, at the time of taking the inquisition, is of unsound mind and mentally incapable of governing himself or his affairs, and that he has been in the same state since March, 1879, ... occasioned by old age apd infirmity.” This finding is, as I think, sufficiently definite, exact and comprehensive to answer the requirements of the statute (Code, §§ 2320, 3343, subd. 15; 2 R. S. 52, § 1; Matter of Morgan, 7 Paige, 236 ; Matter of Mason, 1 Barb. 436). It was so held in the cases cited. But it is urged that the Code has effected a change, and that now the finding must be expressly, that the person is a “ lunatic” in order to meet the requirements of section 2320. It will be observed, however, on referring to subdivision 15 of section 3343 of the Code, that the words “lunacy” and “lunatic,” when used therein, shall embrace every description of unsoundness of mind, except idiocy. This construction of the word “ lunatic” leaves the case the same as it would have been under the provisions of the Revised Statutes. The Code has worked no change, as I think, as regards' the question under examination.
An objection is taken to the charge of the commissioner to the jury. But I am unable to find on the papers before me that he charged incorrectly. The preponderance of proof before me on the affidavits submitted, is that he charged the jury, that if they should find that Mr. Rogers was of unsound mind and mentally incapable of governing himself and his affairs, then, that he came within the definition of lunatic as laid down in the Code. If right in the conclusion last *145 above stated, there was no error in the charge in this regard.
A point is made that improper evidence was ad-' rnitted on the trial before the jury. But on examining the papers, I think this suggestion of error untenable. It does not appear, as I think, that any improper evidence affecting the merits was admitted.
A point is also made against the commissioner. There is, however, nothing in the case showing him incompetent from interest, bias or for any other cause.
Finally, the question here presented, is, after all, very much one addressed to the discretion of the court; whether, for any reason, the proceeding is without merit or just foundation, or of so doubtful a character that another or a further hearing should be had. In this view the case is before the court on the merits. It was laid down in Lamson’s case (11 Abb. Pr. 274) that an inquisition would not be set aside for mere irregularity, when there was no room for doubt of the lunacy of the person concerned. I have, therefore, looked into the evidence given before the jury, and I must express my entire satisfaction with the conclusion of that body as certified to the court in the inquisition.
The motion to set aside the inquisition and proceedings must be denied; and the motion to confirm the inquisition and for the appointment of a committee of the person and estate of Mr. Bogers must be granted.
The decision on both motions may be embraced in one order. ,