In THE MATTER OF THE PETITION OF DEVILLO JACKSON, RESPONDENT, *v.* IRA D. JACKSON, AN ALLEGED LUNATIC, APPELLANT.

*Proceedings for the appointment of a committee of a lunatic — what allegation as to his unsoundness of mind will confer jurisdiction upon the County Court — what constitutes an unsoundness of mind — right of the County Court to direct that the issue of fact be tried before a jury in that court.*

A petition to a County Court for the appointment of a committee of the person and estate of a person alleged to be of unsound mind, stated that he was "of unsound mind and understanding, and so far deprived of his reason and understanding as to be altogether unfit and unable to govern himself or to manage his affairs."

*Held,* that the allegation as to unsoundness of mind was sufficient to confer juris-
diction upon the County Court.

Upon the trial ¡before the jury the commissioner charged the jury "that to con-
stitute a case of unsoundness of mind which will justify the court in assuming
control of the person and property of a person by a committee, his mind must
be so far impaired that if it had never been elevated above that state of capacity
from his birth it would have constituted a case of idiocy."

*Held,* that this charge was erroneous.

Upon the return of a commissioner, with the findings of a jury, to the County
Court, that court may, in a proper case, direct the issue of fact to be tried
before a jury in the County Court.

APPEAL from an order of the Madison County Court, denying a
motion to set aside an order appointing a commissioner in proceed-
ings *de lunatico inquirendo,* and also from an order setting aside
the finding of the jury and ordering a trial of an issue of fact before
a jury in Madison County Court.

In May, 1884, the petitioner caused to be served upon the alleged
lunatic notice of an application for a commission. The lunatic
appeared and the application was denied, but with leave to renew
the same upon additional papers on the eleventh day of June.
The petitioner understood it to be postponed to the twelfth of
June, and did not appear the eleventh, and, consequently, an abso-
lute order was entered denying said application. On the sixteenth of
said June, the petitioner made an *ex parte* application to the county
judge, for a commission upon additional facts and affidavits. The
same was granted. The appellant moved to set aside this
commission. The court denied this motion, and from that order
one of the appeals herein is brought. The commission was exe-
cuted, and thirteen of the nineteen jurymen found in favor of the
appellant. The commissioner, on the 16th day of August, 1884,
filed the commission, the return thereto, the testimony taken on the
trial and his charge to the jury. The inquisition was set aside, on the
ground of an error in the commissioner's charge to the jury. There
are two appeals herein, one from the order refusing to set aside
the commission, and another from the order setting aside the
inquisition.

*H. L. Gates* and *D. L. Atkins,* for the appellant.

*S. D. White,* for the respondent.

HARDIN, P. J.:

Section 340 of the Code of Civil Procedure confers jurisdiction upon county courts, concurrently with the Supreme Court, of proceedings as to the custody of the person and the care of the property of a resident of the county who is incompetent to manage his affairs by reason of lunacy, idiocy or habitual drunkenness   *   *   * and for the appointment of a committee, etc.

Section 2320 confers jurisdiction upon this court over the custody of the person and the care of the property of a person incompetent to manage himself or his affairs in consequence of lunacy, idiocy or habitual drunkenness.   Section 3343 prescribes the rule to be observed in construing the sections already referred to, and declares that "the words lunacy and lunatic embrace every description of unsoundness of mind except idiocy."

Devillo Jackson, in May, 1884, presented to the County Court of Madison a petition in which he alleged that Ira Jackson, who resided in Brookfield, in that county, was "of unsound mind and understanding, and so far deprived of his reason and understanding as to be altogether unfit and unable to govern himself or to manage his affairs   *   *   *   and prayed for the appointment of a committee of the person and property of Ira Jackson."   The averments of the unsoundness of mind, with the other facts stated, were sufficient to confer jurisdiction upon the County Court.   The averment of the fact of the existence of unsoundness of mind of Ira Jackson was of a fact and sufficient in form and substance to admit of proof thereof under the statutes just referred to.   (Riggs v. The American Tract Society, 84 N. Y., 330; S. C., on second appeal, 95 id., 503.)   When the finding of the jury was carried before the County Court, with the proceedings theretofore had in that court and before the commissioners, it appeared that the commissioners, among other instructions given to the jury in the charge, had said, viz.: "That to constitute a case of unsoundness of mind, which will justify the court in assuming control of the person and property of a person by a committee, his mind must be so far impaired that if it had never been elevated above that state of capacity from his birth it would have constituted a case of idiocy.   An exception was taken to that part of the charge, which we think was properly sustained by the County Court.

In the case just cited from 95 New York (at p. 511), Judge DANFORTH says : " One may be of unsound mind, and yet be neither an idiot nor an imbecile," and he adds that a person may be of unsound mind who is far short of a state of idiocy. (See, also, *Barker's case*, 2 Johns. Ch., 232; *Matter of Mason*, 1 Barb., 436; *In Matter of Burr*, 17 id., 13; *Delafield* v. *Parish*, 25 N. Y., 103.) A person may be wholly incompetent to manage himself and his affairs in consequence of lunacy " and still be removed from a state of idiocy, or a state which if it could be supposed to have existed at his birth would be greatly removed from idiocy. (*In Matter of Burr*, 17 Barb., 13; Code, § 2320.)

According to section 2336, upon the return of the commission with the inquisition, it was the duty of the court to make such order by way of directing a new trial or hearing or upon the petition as justice requires. The application was addressed very much to the discretion of the court and was to be considered on its merits. (*Matter of Rogers*, 9 Abb. N. C., 141.) We are persuaded that the discretion of the County Court took the right directions, and we are satisfied with its order directing a trial of the question of fact before a jury in that court. We are of the opinion that both orders appealed from should be affirmed, with costs of the appeal in one case to abide the final award of costs.

FOLLETT and VANN, JJ., concurred.

Orders affirmed, with one bill of costs in this court to abide the final award of costs in the County Court of Madison county.