In the Matter of HIRAM P. ABBEY, a supposed lunatic.

*Supreme Court, Fifth Department, General Term, June 22, 1889.*

*Insane Persons.  Lunacy proceedings.*—Upon a return of the commission on an inquisition of lunacy, § 2336 of the Code calls upon the court, before which the proceeding is pending, for the exercise of its discretion; and the conclusion of the county judge, in such case, where the evidence raises a question for the consideration of the jury, ought not to be reversed, for the reason that it rested to a very large extent at least, in the discretion imposed upon him by law.

Appeal from an order of the county court, denying a motion to confirm the verdict in favor of the supposed lunatic, and ordering a trial of the issues to be had in the county court by a jury.

FRANK HAMLIN, for the petitioner, respondent.

*Spencer Gooding* for the supposed lunatic, appellant.

MACOMBER, J.—Twelve of the jurors signed a verdict that Mr. Abbey was competent to manage his affairs, and was not a lunatic.

Upon motion by his counsel for confirmation before the county judge, it was claimed on the part of the petitioner, who is a son of the supposed lunatic, that the verdict was against the weight of the evidence, and, also, that it should not be confirmed because of certain irregularities on the part of some jurors while in consultation.  By section 2336 of the Code of Civil Procedure it is provided: "Upon the return of the commission, with the inquisition taken thereunder, or the rendering of the verdict of the jury, upon the question submitted to it by the order for a trial by a jury, the court must either direct a new trial or hearing or make such final order upon the petition as justice requires."

This section seems to call upon the county court for the exercise of its discretion in the premises. Jackson *v.* Jackson, 37 Hun, 309.

The judgment of the county court is supported by abundant and satisfactory proofs that Mr. Abbey, at the time of the inquisition, was of unsound mind and incompetent to manage his affairs. The evidence leading to the opposite conclusions raised a fair question for the consideration of the jury. But under the peculiar phraseology of the statute in question, and in accordance with the decision already cited, the conclusion of the county judge ought not to be reversed, for the reason that it rested to a very large extent at least in the discretion imposed upon him by law. This renders it unnecessary to consider the irregularities in the jury room complained of.

The order should be affirmed, with costs of the appeal to abide the final award of costs.

All concur.