In re WILLIAMS.

(Supreme Court, Appellate Division, Fourth Department.　December 18, 1897.)

1. INSANE PERSONS—CUSTODY OF PROPERTY.

The test of one's right to have the care and custody of his own property is not his competency to manage his own business and affairs, but his competency to manage the common and ordinary affairs of life.

2. SAME—EVIDENCE—HARMLESS ERROR.

Under Code Civ. Proc. § 2320, as amended by 2 Laws 1894, c. 504, and by Laws 1895, c. 946, conferring upon the supreme court jurisdiction of the custody of the person and the care of the property of a person incompetent to manage himself or his affairs in consequence of imbecility arising from old age; and under Code Civ. Proc. § 2334, as amended by Laws 1895, p. 862, providing that the trial of one de lunatico inquirendo must be reviewed in the same manner and with like effect as where questions of fact are tried, pursuant to an order for that purpose,—the supreme court will not, where the whole body of the evidence warranted the conclusions reached, disturb the findings of the jury by reason of the error of the commissioner in permitting improper questions to be answered.

3. TRIAL—INSTRUCTIONS—ERROR CURED.

In proceedings de lunatico inquirendo, the commissioner charged the jury that, if the subject of the action was competent to manage her affairs, she was competent under the Code, and refused to charge that competency to manage herself and her affairs was not a competency to manage her particular estate, but her mental health and consequent fitness for the management of the common and ordinary affairs of life. After the jury had retired, they were brought back by direction of the commissioner, who charged: "I desire to correct an error in my charge, and wish to change it in one particular. The test of the competency is not whether she is competent to manage her own affairs, but to manage the ordinary and common affairs of business and life." *Held*, that the last charge cured the error in the first.

Appeal from Onondaga county court.

In proceedings de lunatico inquirendo the jury found that Louisa Williams was incompetent to manage her affairs, and from an order denying a new trial, and confirming the jury's findings, an appeal is prosecuted. Affirmed.

In September, 1896, a petition was prepared, addressed to the county court, in behalf of Myrtle Sullivan and Thomas Kratzer, as general guardian of Raymond W. Kratzer, of the town of Van Buren, in which it was stated that Myrtle Sullivan is a granddaughter and Raymond W. Kratzer is a grandson of Louisa Williams, who was alleged to be 93 years of age. The petition also alleged that she "has been entirely unfit to have charge of or manage her business affairs or property since about the year 1893, on account of her extreme old age and sickness. She has been so far deprived of her reason and understanding as to be altogether unfit and unable to govern herself or to manage her affairs." The petition was verified and accompanied by several affidavits, and an order to show cause was granted, upon the return of which an application was made to the county court; and, after hearing the parties, the court, on the 25th day of September, 1896, ordered that a commission in the nature of a writ de lunatico inquirendo be issued to a commissioner named, to inquire by a jury into the incompetency of the said Louisa Williams, and

as to the value of her real and personal property. A jury was summoned, and a hearing was had before the commissioner and jury. The jury found "that said Louisa Williams, at the time of taking this inquisition, was incompetent to manage her affairs, by reason of imbecility arising from old age and loss of memory and understanding, and incompetent to manage herself, in consequence of imbecility arising from old age." On the 12th of April, 1897, after hearing the parties and considering the evidence and the inquisition and the several motions of the parties, the court denied the motion to set aside the report, and further ordered that "the findings of the jury, upon the execution of said commission as set forth in said inquisition, be, and the same are hereby, affirmed." The order also appointed Jennie M. Van Wie committee of the person of Louisa Williams, upon filing a bond, and appointed Anson N. Palmer, of Syracuse, committee of the estate, upon his giving a bond, with two sureties.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

G. W. O'Brien for appellant, Louisa Williams.
M. E. Driscoll, for petitioners.

HARDIN, P. J. Petitioners called Dr. Donohue as a witness, who gave extensive testimony in respect to an examination he had made of the appellant, and as to an interview had with her; and, after a hypothetical question propounded to the witness, he was asked: "What would you say as to whether she is or is not a proper person competent to manage herself and her affairs?" This question was objected to as incompetent and improper in form, and it is not the proper test of her competency, within the meaning of the Code. The objections were overruled, and an exception was taken. The witness answered: "I should say she was incompetent,—incompetent to manage herself and her affairs." Then the witness was asked the following question: "Now, taking into consideration those facts contained in this hypothetical question as true, and your examination, would you say that she is incompetent to manage herself or her affairs, in consequence of imbecility arising from old age or from other causes?" The same objections were taken to this question, and they were overruled, and an exception was taken, and the witness was permitted to answer as follows: "Assuming the facts stated in the hypothetical question to be true, aside from the examination, I should say she had mental impairment; and, because of that, she would be incompetent to take care of herself and her affairs." A somewhat similar question was again asked the witness, and objections were taken, and an exception was taken to the ruling. A further question was propounded to the witness, containing the following language: "Would you say that she is a person incompetent to manage herself or her affairs, in consequence of imbecility arising from old age or loss of memory and understanding or other causes?" Similar objections were taken to this question, and overruled, and an exception taken. The witness answered: "I should say she was incompetent,—incompetent to manage herself or her affairs, by reason of imbecility." A hypothetical question was propounded to Dr. Totman, and then he was asked, viz.: "Assuming those facts as stated in the hypothetical question as true, and also from your own examination, would you say that she is incom-

petent to manage herself and her affairs?" This question was objected to as incompetent and improper in form, assuming facts not proven. The objections were overruled, and an exception was taken, and the witness answered: "I should say that she was wholly incompetent to manage her affairs." The witness was again further asked: "Will you state whether, in your judgment, from those facts contained in the hypothetical question, and from your examination, whether she is competent to manage herself or her affairs?" This was objected to as immaterial, irrelevant, incompetent, improper, improper in form. The objections were overruled, and an exception was taken, and the witness was allowed to answer.

We think the rulings made by the commissioner in respect to the questions quoted are not in harmony with the dictum in Re Mason, 60 Hun, 46, 54, 14 N. Y. Supp. 434, nor with the case In re Brugh, 61 Hun, 193, 16 N. Y. Supp. 551. In the latter case it was said:

"The test of a man's right to be restored to the possession and control of his property is not his competency to manage his particular estate, be it great or small, but his restoration to mental health, and his consequent fitness for the management of the common and ordinary affairs of life."

That case was decided in October, 1891.

By chapter 504 of the Laws of 1894 (2 Laws 1894, p. 1093), section 2320 of the Code of Civil Procedure was amended; and by that section, as it was thus amended, jurisdiction was conferred upon the supreme court "to the custody of the person, and the care of the property, of a person incompetent to manage himself or his affairs, in consequence of lunacy, idiocy, habitual drunkenness, or imbecility arising from old age or loss of memory and understanding, or other cause." The section was again amended by chapter 946 of the Laws of 1895 (1 Laws 1895, p. 861); and in section 2334 of the Code of Civil Procedure, as amended by Laws 1895, p. 862, provision is made for a trial by a jury, at a trial term, of questions of fact; and it is expressly provided:

"The trial must be reviewed in the same manner, with like effect, and, except as otherwise directed in the order, the proceedings thereupon are in all respects the same as where questions of fact are tried, pursuant to an order for that purpose."

In each of the rulings where objections were taken to the questions propounded, the witnesses were permitted to testify to facts and circumstances in detail; and, after a consideration of the large volume of evidence found in the appeal book, we are of the opinion that the rulings made by the commissioner do not require us to disturb the conclusions reached, upon the whole body of the evidence, by the jury.

In the course of the charge, the commissioner stated: "I will charge that, if she is competent to manage her affairs, then she is competent, under the meaning of the Code." To that an exception was taken. The commissioner was requested to charge "that competency to manage herself and her affairs, within the meaning of the Code, is not a competency to manage her particular estate, but her mental health and consequent fitness for the management

of the common and ordinary affairs of life." This was refused, and an exception was taken. However, after these exceptions were taken and the jury had retired, according to the case, they were again brought into court by the sheriff, by the direction of the commissioner, and the learned commissioner charged as follows: "I desire to correct an error in my charge, and wish to change it in one particular. The test of competency is not whether she is competent to manage her own affairs, but to manage the ordinary and common affairs of business and life." By such instruction, we think, the learned commissioner obviated the exception taken to his charge, and that the appellant ought not to be permitted to allege error in respect to the instruction given by him.

In Re Rogers, 9 Abb. N. C. 142, it appeared that an application was made for an order of confirmation of an inquisition, and, in concluding the opinion therein, Bockes, J., said:

"Finally, the question here presented, is, after all, very much one addressed to the discretion of the court,—whether, for any reason, the proceeding is without merit or just foundation, or of so doubtful a character that another or a further hearing should be had. In this view the case is before the court on the merits. It was laid down in Lamoree's Case, 11 Abb. Prac. 274, that an inquisition would not be set aside for mere irregularity, when there was no room for doubt of the lunacy of the person concerned."

That case was referred to with approval in Jackson v. Jackson, 37 Hun, 309.

After a mature consideration of all the evidence presented, we are of the opinion that the order denying the appellant's motion for a new trial, and the judgment or order confirming the verdict, and appointing a committee of the person and property of the appellant, should be affirmed.

Judgment or final order and order denying a new trial affirmed, with costs. All concur.