In the Matter of the Application of WILLIAM J. HARDY and WILLIAM N. KENNEDY for an Order Directing the KNICKERBOCKER TRUST COMPANY, as Committee of the Property of MARY A. LUCAS, an Incompetent Person, to Pay Certain Claims.

WILLIAM J. HARDY and WILLIAM N. KENNEDY, Appellants; KNICKERBOCKER TRUST COMPANY, Committee of the Property of MARY A. LUCAS, Respondent; JOHN H. WELSH, Committee of the Person of MARY A. LUCAS, Respondent.

*Power of the court to make an adequate allowance to an attorney defending proceedings de lunatico inquirendo.*

Section 2336 of the Code of Civil Procedure, while making general provision for the costs to be awarded an attorney defending a proceeding taken to have a person declared incompetent, does not regulate the compensation for services rendered as between attorney and client.

It is important that an alleged lunatic should be afforded every reasonable opportunity to defend himself in proceedings instituted to have him adjudged to be insane; and if he be ultimately found to be insane the court has the power to award such sum as seems reasonable and right under the circumstances, payable out of his property, to the attorney who has rendered services in defending him.

APPEAL by the petitioners, William J. Hardy and William N. Kennedy, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 29th day of November, 1897, denying their application for leave to bring an action against the committee of the property of an incompetent person to recover the value of services rendered, expenses incurred, etc.

*W. J. Hardy*, for the petitioners.

*Charles E. Hotchkiss*, for the committee of the property.

*Charles J. Hardy*, for the committee of the person.

McLAUGHLIN, J.:

On the 26th of June, 1897, Mary A. Lucas was arrested upon a petition made by her son, and committed, under the Insanity Act, to the Long Island Home at Amityville, New York. A few days later a proceeding *de lunatico inquirendo* was instituted and a trial entered upon, which continued until the sixteenth of July following, when the jury, not being able to agree, were discharged and another jury summoned. The second trial was entered upon on the sixth of August following, and on that day Mrs. Lucas made an application to the court for leave, in resisting the proceeding then pending, to use so much of her own property as might be necessary to employ counsel, obtain medical experts, etc. The court did not at once act upon her application; and, before it did so, the second trial terminated and she was found to be incompetent to manage herself or her property by an inquisition which was signed by thirteen of the nineteen jurors. On the twenty-fourth of the following month the court disposed of her application by an order which recited the finding of the jury and directed that she be allowed the sum of fifty dollars, which the committee of her property (as soon as appointed) was directed to pay to her counsel. The petitioners, who had acted as her counsel throughout the proceedings, refused to accept the sum thus allowed, and, instead, made an application for an order either directing the committee of her property to pay to them a certain sum for services rendered and expenses incurred as her attorneys in defending the proceedings to have her adjudged an incompetent person, or that they be permitted to bring an action to establish the same. Their application was denied, and from the order thus made this appeal was taken.

The question of allowance of costs in lunacy proceedings has many times been before the court, but this is the first time, so far as we are able to discover, that the power of the court in this respect has been challenged. The respondent insists that the only

power which the court has is that contained in section 2336 of the Code of Civil Procedure. We do not think this section of the Code is applicable to the case here presented. That section provides a general provision for the costs to be awarded in the proceeding to the attorney for a party adverse to the petition who has appeared in this proceeding. It does not attempt to regulate the compensation to be paid to an attorney for services rendered, as between attorney and client, and there is no reason why one against whom proceedings under the title are instituted should not have the right to the services of counsel, and why such counsel should not be paid for such services when rendered. The most casual consideration of the record cannot fail to impress one that a very serious question was presented as to whether Mrs. Lucas was insane. The first jury could not agree upon that question, and the medical experts did not agree upon either trial. Under such circumstances, she was entitled to the services of counsel, and, for the services thus rendered and expenses incurred by them, acting in perfect good faith, she, or the committee of her property thereafter appointed, became legally and morally obligated to pay. It would be a hard and unreasonable construction of this statute to hold that one alleged to be insane — no matter how much property he may have — can only use, if ultimately found to be insane, the sum of fifty dollars in defending the proceeding instituted to deprive him, not only of his liberty, but of the control of all his property. The section of the Code referred to was not intended to accomplish such result, and it cannot be so construed.

It is important that an alleged lunatic should be afforded every reasonable opportunity to defend himself in the proceeding instituted to have him adjudged insane; and, if ultimately found to be insane, then the court has the power to award such sum as seems reasonable and right under the circumstances, payable out of his property, to the persons who render services in defending him. In this way it is possible to prevent fraud and mistake. This seems to be the view taken in *Carter* v. *Beckwith* (128 N. Y. 319).

The order made upon Mrs. Lucas' application is in no way binding upon these petitioners; they were not parties to, and had no connection with, that application, except as attorneys for her; they had no standing in court either to appeal from the order or to

move for a modification of it. It is not, therefore, binding upon them, and does not prevent the enforcement of their claim against the committee of her property.

We think that the order appealed from should be reversed, with ten dollars costs and disbursements, and the application granted permitting the petitioners to bring an action against the committee of the property to enforce their claim.

Van Brunt, P. J., Patterson, O'Brien and Ingraham, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and application granted.