(84 Misc. Rep. 628)

## In re MARKS.

(Supreme Court, Special Term, Kings County.　March, 1914.)

1. INSANE PERSONS (§ 24*)—EVIDENCE ON INQUISITION—DETERMINATION OF SUFFICIENCY—REVIEW.

 Under Code Civ. Proc. § 2336, authorizing the court, on return of a commission in lunacy with the inquisition taken thereunder, to "direct a new trial or hearing, or make such a final order upon the petition as justice requires," the court must judicially determine the sufficiency of the evidence taken on the inquiry.

 [Ed. Note.—For other cases, see Insane Persons, Cent. Dig. § 31; Dec. Dig. § 24.*]

2. INSANE PERSONS (§ 24*)—CONFIRMATION OF INQUIRY—EVIDENCE.

 A motion pursuant to Code Civ. Proc. § 2336, to confirm an inquisition in lunacy, will be denied, and a new trial of specified questions of fact arising on the petition to be framed and embodied in the order will be directed before a jury at a trial term, where the petitioner concedes that oral testimony given before the commissioner and jurors was not transcribed.

 [Ed. Note.—For other cases, see Insane Persons, Cent. Dig. § 31; Dec. Dig. § 24.*]

Application for appointment of a committee of the person of Elizabeth Marks, an alleged incompetent person.　Motion to confirm inquisition in lunacy.　Denied.

Heymsfeld & Weiss, of New York City, for the motion.

KAPPER, J.　Upon a writ of inquiry pursuant to the Code of Civil Procedure, § 2327 et seq., an inquisition has been returned by the commissioner and a jury finding the above-named Elizabeth Marks to be "an incompetent person" and "incapable of governing herself or of managing her affairs or property or properly taking care of her affairs, lands, tenements, goods, and chattels, and that such infirmity dates from the year 1912, and that infirmity manifests itself in weakness of mind, loss of memory, and epilepsy."

A motion is now made for a final order confirming the inquisition, pursuant to section 2336 of the Code.　The inquisition is not accompanied by any evidence, and it is conceded by the petitioner that, while oral testimony was taken by the commissioner and the jury, it was not transcribed, and therefore has not been returned.  :

[1, 2] In support of the motion it is claimed that, under the prevailing practice, it is not requisite that the testimony be reduced to writing; that the confirmation is pro forma merely; and that the court should accept the inquisition as conclusive on its face.　This practice does not appear to me to have any sanction.　Section 2336, supra, provides that:  '

 "Upon the return of the commission, with the inquisition taken thereunder, or the rendering of the verdict of the jury, upon the question submitted to it by the order for a trial by a jury, the court must either direct a new trial or hearing, or make such a final order upon the petition as justice requires."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It is plain that the law requires the court to exercise a judicial and not a clerical function. The power to "direct a new trial or hearing, or make such a final order upon the petition as justice requires," clearly contemplates a judicial determination upon the sufficiency of the evidence taken upon the inquiry.

In Matter of Mason, 51 Hun, 138, 141, 4 N. Y. Supp. 664, 665, the court say:

"It seems to have been well settled before the adoption of the Code of Civil Procedure that such an inquisition might be set aside by the court, * * * where the facts did not justify the findings of the jury. * * * If this rule has not been changed by the provisions of the Code, then it is quite obvious that the court possessed the power, in its discretion, to set aside such inquisition and to grant a new trial therein. * * * We think the rules in regard to granting new trials in such a proceeding as they existed before the Code have not been superseded by the statute."

Matter of Abbey, 53 Hun, 631, 6 N. Y. Supp. 437, involved an appeal from an order refusing to confirm an inquisition taken before a commissioner and a jury which found that the alleged incompetent was not of unsound mind. And, after quoting from section 2336 of the Code, the court say:

"This section seems to call upon the county court for the exercise of its discretion in the premises. * * * The judgment of the county court is supported by abundant and satisfactory proofs that Mr. Abbey, at the time of the inquisition, was of unsound mind and incompetent to manage his affairs. The evidence leading to the opposite conclusions raised a fair question for the consideration of the jury. But under the peculiar phraseology of the statute in question, and in accordance with the decision already cited, the conclusion of the county judge ought not to be reversed, for the reason that it rested, to a very large extent at least, in the discretion imposed upon him by law."

These quotations show that the court is required to exercise a discretion upon a motion of this character, and that cannot be done unless there is before it the testimony upon which the finding of the jury was based. Every reported authority that I have found, where inquisitions have been presented for confirmation, shows that the evidence was before the court, such as Matter of Cooper, 5 N. Y. Month. Law Bul. 37, where the inquisition was set aside as "clearly against the weight of evidence"; Matter of Rogers, 9 Abb. N. C. 141, where the court "looked into the evidence given before the jury," and expressed "entire satisfaction with the conclusion of that body as certified to the court in the inquisition"; so, in Matter of Clark, 175 N. Y. 142, 67 N. E. 212, the court refer to the evidence as "sufficient to have justified a finding" of lunacy by the jury; in Matter of Williams, 24 App. Div. 247, 48 N. Y. Supp. 475, a motion to set aside the inquisition was denied at Special Term after "considering the evidence and the inquisition," and this conclusion was affirmed "after a mature consideration of all the evidence presented"; and in Matter of Hardy, 26 App. Div. 166, 49 N. Y. Supp. 954, the court say that a "most casual consideration of the record cannot fail to impress one" with the "very serious question" so "presented as to whether" the alleged incompetent "was insane."

Matter of Mason, 1 Barb. 436, at page 441, cited in support of the motion to confirm, does not uphold the contention of the moving party, for the court there say:

"A discreet exercise of the power vested in the court undoubtedly requires that before a citizen shall be deprived of his liberty, and the control of his own property, evidence of the most conclusive character should be produced, showing him to be a person for whose benefit the law has benignly provided this delicate and important trust."

I have indulged in this lengthy discussion of what seems to be a plain and simple proposition because of the insistence that a confirmation of the inquisition could follow in the court's discretion without the evidence, but I am satisfied that such an inquisition may not be lightly confirmed even upon proof, and never without proof. I do not mean to hold that the testimony on such a hearing should be taken by a stenographer. The statute would have been met, in my opinion, by the commissioner writing out the testimony in narrative form and having the witness sign and verify it before him and in the presence of the jury, and thus a record upon which the court could act would have have presented.

A new trial of the specific questions of fact arising upon the petition to be framed and embodied in the order is directed before a jury at a Trial Term, a practice sanctioned by the authorities, supra. See Matter of Cooper, supra; Matter of Jackson, 37 Hun, 306, and Matter of Mason, 51 Hun, 138, 4 N. Y. Supp. 664.

Motion to confirm denied.