Irving H. Saypol, J.
A question of fact arises on the return of this petition for a lunacy commission. The subject is a woman over 85 years of age who has resided for some years with a couple who, it is shown, hold powers of attorney from her. She has property which is managed for her by a bank. *326 The petitioner is her nephew. The petition is supported by affidavits of two psychiatrists. There are charges of misconduct affecting the person and her property. The alleged incompetent appears by counsel and her opposing affidavit is supported by such affidavits as those of her lawyer, the couple who are close to her and who have her trust and confidence, a neighbor at her country property and a psychiatrist and a neuro-psychiatrist whose conclusions contradict those of the petitioner.
At the argument on April 9, 1959, other relatives appeared by counsel in support of the petitioner. The respondent in opposition was afforded a week to make a full submission. As a prelude, the respondent had moved to remove the special guardian who had been appointed on the presentation of the order to show cause. He had complained that the attorney for the respondent was blocking him and he could not make an arrangement to interview his ward. The movants charged that the alleged incompetent was dominated and controlled by the people with whom she lived. In view of the charges and the presumptive showing, an immediate hearing was directed; the persons said to control the court’s presumed ward were heard; they agreed to refrain from acting under the powers which they held from the alleged incompetent and a direction was made to the guardian to submit an interim order directing the examination of his ward by a psychiatrist designated by the court. There was an indication of some bickering about the arrangements and then about the attendance of the respondent’s attorney at the examination. The following morning on April 10, 1959, counsel appeared, after the motion to remove the special guardian had been denied, and the arrangements for the examination were concluded, counsel for the respondent agreeing to comply with the court’s direction.
The report of the court’s designee, Dr. Sidney Malitz, has been filed. A copy may be had by each of counsel and the special guardian on their written request to my clerk at chambers. Dr. Malitz’ current curriculum viate does not put him in rank inferior or subordinate to any of his fellows on either side. His opinion is that “ the patient is not competent to manage her own affairs.” The other physicians, on both sides, are in accord with Dr. Malitz, although expressed in various alternatives that there is evidence of arteriosclerotic brain disease. The special guardian makes an interim report that his ward is incompetent to manage herself and her affairs.
On this showing, the contention of counsel for the respondent can hardly be in order that the petition need not be entertained. The statute (Civ. Prac. Act, § 1364, subd. 2) mandates the *327 court to make an order if it presumptively appears to the satisfaction of the court from the petition and the proofs accompanying it, that a committee ought, in the exercise of a sound discretion, be appointed, directing that the question of fact arising he tried by a jury at a trial term. Whether or not a committee need or should be appointed will hinge on the jury’s verdict of incompetency and the nature of the estate if the respondent is incompetent. Depending thereon, consideration of the manner of dealing with the property may be in order.
The motion is granted to the extent of directing an immediate trial in this court of the issues of incompetency and regarding the property and estate of the respondent, and final decision is held in abeyance pending the jury’s verdict.
Settle order.