Irving H. Saypol, J.
The motion by the attorneys for the respondent, the person allegedly mentally incompetent to manage herself or her affairs, etc., to confirm the verdict of *466 the jury is denied. The verdict of the jury is rejected as against the evidence (Civ. Prac. Act, § 1370) and a new trial is directed to a jury on the questions of fact of whether or not the respondent is incompetent to manage herself or her affairs in consequence of imbecility arising from old age or loss of memory and understanding and as to her property and her income.
The trial was directed (17 Misc 2d 325) on the authority of section 1364 of the Civil Practice Act. The jury answered “ no ” to the propounded question: “ Is Frances Schluer, also known as Fanny Schluer, a person incompetent to manage herself and her affairs by reason of lunacy or imbecility due to senile dementia? ” On the motion to confirm the verdict it is shown in opposition by petitioner and special guardian that the evidence on this important issue was presented to the jury through the testimony of medical experts for the petitioner and the psychiatrist appointed by the court against that of two physicians presented by the respondent. It is shown without contradiction that the alleged incompetent,' although present at the trial, was not examined as a witness before the jury.
The order directing the trial said nothing about dispensing with her testimony. Upon this motion, by interim decision (N. Y. L. J., July 9, 1959, p. 5, col. 6) it was directed that the testimony of the trial be produced to support the exercise of a chancery discretion (Matter of Marks, 84 Misc. 628). The response is an oblique quibble in a letter from the respondent’s lawyer asking the court to communicate with him to clarify the intended source of the testimony and a letter from the petitioner which criticizes the tactics of his adversary.
No points of law have been submitted by anybody on the important question of laying the respondent’s alleged incompetency directly before the triers of the facts by putting her on the stand. There is a representation by the attorney for the petitioner of a unilateral urging on the trial court to dispense with Mrs. Schluer’s appearance on the witness stand. That is immaterial for it was the duty of the attorney for the petitioner and the special guardian to address themselves to the court. Ordinarily that would be deemed a waiver but the statute invests this court with jurisdiction (cf. proceedings under article 78 of the Civil Practice Act, the trial court is expressly authorized to make the final order after trial). (Civ. Prac. Act, § 1295; Matter of Small v. Moss, 277 N. Y. 501, 508; Third Annual Report of N. Y. Judicial Council, 1937, p. 187 et seq.) But here it remains as my responsibility for the welfare of this presumptive ward of the court (Civ. Prac. Act, § 1356), especially in the background of strong charges of imposition and *467 exercise of coercive and undue influence on her by strangers who hold her power of attorney and handle her property. ‘1 The jury also have the right to inspect and examine the lunatic; and they should do so in every case of doubt, where such an examination can be had.” (Matter of Russell, 1 Barb. Ch. 38, 39; Matter of Rush, 53 N. Y. S. 581, 582.)
Here Mrs. Schluer was present; why her lawyers did not put her on the stand or want her put on is wholly inapparent, for either way it would go directly to the heart of the issue. And Mrs. Schluer herself, if competent, should have a chance to say in open court whether or not there is imposition or whether her friends deserve her vindication. Even where the charge of insanity is collateral, the scope for inquiry is held to be extensive (Ellarson v. Ellarson, 198 App. Div. 103,107).
The prior disposition of July 7, 1959, accordingly becomes academic. Settle order.