## CONNELL *vs.* LASSCELLS.

It is not enough to justify the issuing of a *warrant* against a debtor on the ground of an *intent fraudulently to dispose of his property,* that he has executed a mortgage of a portion thereof, and refused to confess a judgment or to give security, declaring a determination to manage his property himself.
See dissenting opinion of Mr. Justice COWEN.

ERROR from the Montgomery common pleas. Lasscells sued out an *attachment* against Connell from a justice's court, on an affidavit made by him that Connell was indebted to him in the sum of $45.46 on contract ; that he had demanded payment, which had been refused, and that Connell also had refused to give a judgment for the amount, saying, that his property, except some hay, was under mortgage, and that he wanted to have the management of his property himself. Lasscells further stated in the affidavit, that when he requested Connell to give him a judgment or security, he offered to give day of payment for six months, but that Connell refused, and immediately left him in a great hurry to place his property, as deponent believed, out of his hands, in order to prevent him from collecting his demand. He further added that from the conversation of Connell, and from his conduct, he *believed* that he would make such

disposition of his property as to defraud his creditors.   On this affidavit the justice issued an attachment, upon which certain property was taken, and subsequently rendered a judgment against Connell and issued an execution.   The Montgomery C. P. on *certiorari* affirmed the judgment, and Connell thereupon removed the record into this court by writ of error.

*H. Adams*, for the plaintiff in error.

*D. Cady*, for the defendant in error.

*By the Court*, NELSON, Ch. J.   The affidavit on which the attachment issued is defective.   We might possibly have considered it sufficient to uphold the judgment until reversed ; but here is a direct proceeding to test its validity, and if sanctioned, must be a precedent for all future cases.   We have heretofore rejected the *belief* of the party, and applying that rule to this case, but little more is left than the *refusal* to give a confession of judgment.   It is said he admitted that there was a mortgage upon his property ; but that of itself is no evidence of a fraudulent disposition of it.   So too the declaration that he wanted to have the management of his property himself, did not authorize the inference that he wanted it for the purpose of so managing it as to defraud his creditors.   That is not the fair import of his language.   We might as well dispense with the affidavit in these proceedings as to approve of the affidavit in this case.   A party when allowed to be a witness in his own case, should be required to make out at least a *prima facie* case of an intent to commit a fraud.   The judgment must be reversed.

Mr. Justice BRONSON, *concurred.*

Mr. Justice COWEN *dissented*, and delivered the following opinion :

The only serious question is whether the affidavit was sufficient ; for surely the constable has returned a service which was

Connell *v.* Lasscells.

the very best for the defendant below. He delivered him a copy of the attachment personally.

I agree that the affidavit must state circumstances from which the justice may infer the intent to defraud creditors; and must not be a mere expression of *belief*, or *information and belief*, in the plaintiff. This is the outside of the cases which the counsel for the plaintiff in error has cited. *Tallman* v. *Bigelow*, 10 *Wendell*, 420. *Smith* v. *Luce*, 14 *id.* 237.

The affidavit when looked at as a whole, states a demand of $45. That the defendant was on the day of its date at the deponent's house, refused payment, would not give a judgment, said his property was under a mortgage except some hay ; that he wanted to have the management of his property himself; and on the deponent's offering to wait six months with security, the defendant refused and left in a great hurry. The deponent superadds his belief of the defendant's intention to put his property out of his hands to defraud his creditors; but let that pass. Upon the other circumstances, the justice believed there was such an intent, probably that it had already been executed in the main. After admitting a mortgage, but yet declaring that he wanted to manage his property, refusing all terms and hurrying away, I understand him as the justice did, going off to perfect what he was fearful might be so far an inchoate fraud. He had not yet got all his property out on mortgage. A little hay was left. That was to be put in the same position ; but yet he preferred managing all himself. That he could do, under his notions of the law, by continuing his possession under a mortgage which he would call *bona fide*. Show me an insolvent debtor who talks of a personal mortgage and the continued management of his own property in the same breath, and I, for one, want no more as a ground of belief that he has already, or means to resort to a device so very common. The non-imprisonment act, 2 *R. S.* 202, § 293, 294, gives an attachment whenever a justice is satisfied on the facts and circumstances. sworn to by the party, that the debtor has fraudulently assigned or disposed of his property or is about to do it. I collect from

Connell v. Lasscells.

this evidence, that he had disposed of most of it, and intended so to dispose of the whole by mortgage or in some other way, and had kept or would keep possession. Otherwise, how could he manage it ? Such a set of circumstances, we have again and again holden to be a fraud on their face.

But suppose the proof to have been slight, though to my mind it is entirely satisfactory : are we to reverse this judgment because it might peradventure not satisfy the mind of magistrates who would be found more scrupulous, who adopt a higher standard of human perfection, and entertain a greater distrust of appearances. opposed to their own hypothesis ? I do not understand such to be the law. Even on the merits we are not to reverse a judgment because the proof is slight. That was expressly held by this court in *Fisher* v. *Chandler*, 1 *Johns. R.* 505. The court said, " There was some evidence, though not sufficient perhaps to support the judgment. We have never gone so far as to say that where there is some evidence, *however light*, the judgment ought to be reversed." Again, in *Vosburgh* v. *Welch*, 11 *Johns. R.* 177, it is said the proof for an attachment *ought at least to be colorable ; for proof means legal evidence*. To this I assent. But I can not hesitate to say that the proof here was much more than colorable. It was such that, had it been before a jury, it would have been at least the duty of the justice to have submitted it; and their finding both fraud committed and fraud intended, could never, in my opinion, be disturbed. I think, therefore, the judgment should be affirmed.

The majority of the court however being of a different opinion, the judgment was *reversed*.