By the Court,
Bronson, J.
It is said there was not .sufficient evidence before the circuit judge that Faulkner xvas an absconding or concealed debtor, and consequently that the officer did not acquire jurisdiction to issue the attachment. The statute declares that the appointment of trustees shall be conclusive evidence that the person was a' concealed or absconding debtor within the meaning of the act, and that the appointment and all the previous proceedings were regular. (2 R, S. 12, § 62.) Strong and comprehensive as this language undoubtedly is, it is settléd that it does not preclude an enquiry into the fact whether a prima facie case was made out before the officer v/ho issued the attachment. (Matter of Hurd, 9 *600 Wend. 465.) There, the proceedings were against administrators in their representative character, who were adjudged not to be within the statute ; and on that ground the attachment and all subsequent proceedings were set aside by this court, although trustees had been appointed. In Hubbell v. Ames, (15 Wend. 372,) the question came up collaterally, and it was held that the appointment of trustees was sufficient to show that the officer had jurisdiction but it was not held to be conclusive, as is erroneously stated in the reporter’s head note.
The decision in the Matter of Hurd necessarily affirms that the estoppel created by the 62d section has a limit, and that it does not extend to the question whether a prima facie case was made out before the officer in the first instance. This limitation- may, I think, be successfully maintained, without overthrowing the estoppel altogether. Assuming that the attachment was properly issued, the statute goes on to provide, that the debtor may come in at any time before the appointment of trustees, and allege that he was not an absconding or concealed debtor j and the matter is then to be tried by this or some other court. The debtor thus has an opportunity to produce rebutting evidence for the purpose of overthrowing the prima facie case on which the attachment issued. If the decision is in his favor, the warrant is discharged ; otherwise the proceedings go on. (§ 43 to 50.) If the debtor does not come in and deny the allegations on which the warrant issued, or if he appears and the matter is adjudged against him, trustees are to be appointed. (§ 58.) And then, having either produced his rebutting evidence, or having neglected the proper opportunity for doing so he is afterwards precluded from adducing evidence to show that he was not an absconding or concealed debtor. So far the estoppel created by the 62d section goes, and there it ends. It does not touch the question whether the proceeding was noi utterly groundless at the first, taking the case as it appeared on the ex parte application of the creditor. That question, for aught that I can see, must always remain open to the debtor j *601 for if the officer had no jurisdiction, the whole proceeding is coram non judice.
It is. said that the debtor is concluded from raising this question in consequence of having applied to the judge for a hearing in the common pleas, and having had that hearing. (§ 43.) But this was not a proceeding in personam, or an action where a voluntary appearance would be sufficient to confer jurisdiction over the person although not regularly served with process. It was a proceeding in rem, and the debtor only came in to save his property. It was not a case where there could be any such thing as a technical appearance. (See per Parsons, C. J. in Bissell v. Briggs, 9 Mass. R. 469 ; Pawling v. Bird, 13 John. 192, 207; Cowen Hill's Notes to Phil. Ev. 908,1024.) He undertook to prove that he was not an absconding or concealed debtor, for the purpose of having the warrant discharged. (§ 43 to 48.) But I do not see how" that could confer jurisdiction on the judge who had previously issued the warrant.
This brings us to the question whether such a prima facie, case was made out before the circuit judge as to give him jurisdiction. No exception is taken to the application and affidavit made by the creditor; (§3, 4;) but it is insisted that the affidavit of the two witnesses was insufficient. They must state the facts and circumstances to establish the grounds on which the application is made. (§ 5.) It is not enough for them to say they are informed and believe that the debtor has secretly departed from the state, or keeps himself conceale„ therein, with intent to defraud his creditors or to avoid the service of civil process. They must give the facts and circumstances which induce the belief, to the end that the officer may judge of the evidence. (Ex parte Haynes, 18 Wend. 611, and cases cited ; and see Ex parte Robinson, 21 Wend. 672 ; Johnson v. Moss, 20 id. 145.) But these witnesses did state facts and circumstances tending to prove that Faulkner had departed from the state, or kept concealed in it with intent &c. They state that they were acquainted with him j that he had been the proprietor of a line of stages kept at a specified place *602 in the city; that about six weeks before, he sold out his stages and horses and suddenly broke up his business, and thereafter departed from or kept concealed in the city ; and that after he sold out, his goods were sold by his landlord for the payment of rent.- Before the sale by Faulkner they saw him frequently ; but since that time they had not seen him at all. And they add, that it was generally understood and believed that Faulkner was keeping out of the way to avoid his creditors, and that he was concealed within this state or had absconded from it, for the purpose of defrauding his creditors. Now, although the evidence was far from being conclusive, still it had a legal tendency to make out a case, in all its parts, for the issuing of an attachment. Enough was proved to call upon the officer for the exercise of his judgment upon the weight and importance of the evidence ; and if he erred in the decision of a question thus fairly presented, the error would not be fatal to the proceedings. It is only when there is a total want of evidence upon some essential point, that the' officer will fail to acquire jurisdiction.(a)
The motion for a re-hearing in the C. P. comes quite too late i and besides, I do not see that we have any power to order it.
Motion denied.-

 See Connell v. Lassells, (20 Wend. 77,) and the dissenting opinion of Cowen J. in that case.-