(75 Misc. Rep. 215.)

### SCHAMBERG v. WHITMAN.

(City Court of New York, Trial Term. January, 1912.)

1. STATUTES (§ 231*)—CONSTRUCTION—GENERAL RULES.

Under the express provision of Code Civ. Proc. §§ 3345, 3355, the different sections of the Code are, for the purpose of determining their effect with respect to each other, deemed to have been enacted simultaneously, and the rule of strict construction is not applicable to them.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 312; Dec. Dig. § 231.*]

2. PHYSICIANS AND SURGEONS (§ 24*)—ACTIONS FOR COMPENSATION—STATUTORY PROVISIONS.

Code Civ. Proc. § 834, prohibiting a physician or surgeon from disclosing information acquired by him in a professional capacity, does not deprive him of a right of action for professional services, if he can prove them by legal evidence.

[Ed. Note.—For other cases, see Physicians and Surgeons, Cent. Dig. §§ 53–62; Dec. Dig. § 24.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. WITNESSES (§ 208*)—CONFIDENTIAL COMMUNICATIONS—PHYSICIANS—ALLE-
GATIONS IN PLEADINGS.

Code Civ. Proc. § 834, prohibiting a physician or surgeon from disclos-
ing the information acquired in his professional capacity, is not limited
to witnesses, and allegations in a complaint by a surgeon for services
disclosing information acquired while attending defendant will be strick-
en out on motion, notwithstanding section 836, providing that the pro-
visions of section 834 are applicable to witnesses.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 768–770; Dec.
Dig. § 208.*]

Action by Morris I. Schamberg against Malcolm D. Whitman for
professional services by plaintiff as a surgeon. Motion to strike out
certain allegations to the complaint. Granted.

Bamberger & Lowenthal, for plaintiff.
Hyman & Campbell, for defendant.

LA FETRA, J. This is an action by a surgeon to recover the rea-
sonable value of his services after a refusal by the patient to pay the
amount demanded. The patient (the defendant) moves to strike out
many of the allegations of the complaint, as he will otherwise be com-
pelled to answer them.

The complaint discloses information which was acquired by the
plaintiff while attending the defendant in his professional capacity and
which was necessary to enable him to act in that capacity. The de-
fendant contends that section 834 of the Code of Civil Procedure is
a rule of evidence; that it does not relate to pleadings or parties, but
is limited to witnesses and qualified by section 836.

[1] For the purpose of determining the effect of the different pro-
visions of the Code of Civil Procedure with respect to each other, they
are deemed to have been enacted simultaneously, and the rule of strict
construction is not applicable. Sections 3345, 3355.

[2] Read in connection with the sections in relation to Code plead-
ing, plaintiff may proceed with his action without either directly or in-
directly violating the provisions of section 834. He may set forth a
plain and concise statement of facts without unnecessary repetition
(section 481); that is to say, the issuable or ultimate facts, and not
the evidence of those facts. Halsted v. Halsted, 7 Misc. Rep. 23, 27
N. Y. Supp. 408. The Legislature never intended to deprive a physi-
cian of his cause of action for services if he could prove them by prop-
er evidence. The prohibition was against the disclosure of information
acquired by and necessary for him to act in his professional capacity.

[3] The form in which such statements are made is of no conse-
quence. In Buffalo Loan, T. & S. D. Co. v. Knights Templar & M.
M. A. Ass'n, 126 N. Y. 450, 27 N. E. 942, 22 Am. St. Rep. 839, Judge
Andrews, speaking for a unanimous court, said:

"The disclosure by a physician of information acquired in his professional
capacity in attending a patient, when not made in the course of his profes-
sional duty, is a plain violation of professional propriety. * * * The stat-
ute should have a broad and liberal construction to carry out its policy. By
reasonable construction it excludes a physician from giving testimony in a

judicial proceeding in any form, whether by affidavit or oral examination, involving a disclosure of confidential information acquired in attending a patient, unless the seal of secrecy is removed by the patient himself."

As was said by O'Brien, J., in Davis v. Supreme Lodge, Knights of Honor, 165 N. Y. 159, 163, 58 N. E. 891, 892:

"They are excluded not only for the purpose of protecting parties from the disclosure of information imparted in the confidence that must necessarily exist between physician and patient, but on grounds of public policy as well. The disclosure by a physician, whether voluntary or involuntary, of the secrets acquired by him while attending upon a patient in his professional capacity, naturally shocks our sense of decency and propriety, and this is one reason why the law forbids it. The form in which the statements are sought to be introduced is of no consequence, whether as a witness on the stand or through the medium of an affidavit or certificate. All are equally under the ban of the statute."

See, also, Beglin v. Metropolitan Life Ins. Co., 173 N. Y. 374, 66 N. E. 102; McGillicuddy v. Farmers' Loan & Trust Co., 26 Misc. Rep. 55, 55 N. Y. Supp. 242; McEvitt v. Maass, 33 Misc. Rep. 553, 67 N. Y. Supp. 817.

Motion granted, with costs, by striking out paragraph 2; the last two lines of paragraph 6; the whole of paragraph 7; the whole of paragraph 8, excepting the first three lines thereof; the whole of paragraph 9, excepting the first line and the word "plaintiff" in the second line thereof; the whole of paragraph 10, excepting the first line and the words "said office" in the second line thereof; the whole of paragraphs 11, 12, 13, 14, and 15; the whole of paragraph 16, excepting the first line; the whole of paragraph 17, excepting the first line and the words "said office" in the second line thereof; the same as to paragraphs 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, and 28; the whole of paragraphs 29 and 33; and the last two lines of paragraph 31, with the exception of the figures "$500.00." Should the plaintiff desire to serve an amended complaint, he may do so upon payment of the motion costs granted herein.

Motion granted.