Scott, J.:
This is an appeal from an order of the surrogate denying a motion by Louis S. Owsley, ancillary executor of Charles T. Yerkes, deceased, to vacate a. citation theretofore issued to said Owsley to show cause why his letters should not be revoked and also an injunction issued in connection therewith.
The ground of the motion is that the surrogate was without jurisdiction by reason of deficiencies in the papers upon which the citation and injunction were issued. The statute (Code Civ. Proc. § 2686) reads as follows: “A petition, presented as prescribed in the last section, must set forth the facts and cir *91 cumstances, showing that the case is one of those therein specified. Upon proof, by affidavit or oral testimony, satisfactory to the surrogate, of the truth of the allegations contained in the petition, a citation must be issued according to the prayer thereof; except that, where the. case is within subdivision fifth of the last section, and the executor has given a bond, as prescribed in article first of this title, the surrogate may, in his discretion, entertain or decline to entertain the application.”
It will be seen that to justify the issuance of a citation two things are necessary: 1. A petition containing a statement of facts and circumstances justifying the issue of the citation. 2. Proof by affidavit or oral testimony aliunde the petition of the truth of the allegations contained in said petition. (Moor-house v. Hutchinson, 2 Dem. 429.)
The papers submitted to the surrogate in support of the petition consist of an affidavit by Carroll G-. Walter, Esq., one of the attorneys for the respondents, and affidavits on file in the surrogate’s office made in another proceeding by persons who are now dead.
Mr. Walter’s affidavit is wholly on information and belief and, therefore, has no probative value. The other affidavits were made under the following circumstances: The present respondents are the executors of Mrs. Mary Adelaide Yerkes, now deceased. In November, 1910, Mrs. Yerkes filed a petition for the revocation of Owsley’s letters upon charges of misconduct identical with those set forth in the present petition. Her petition in that proceeding was supported by affidavits of herself and James Russell Soley, Esq., then her attorney. A citation was issued in the proceeding instituted by her, an answer interposed and the matter sent to a referee. Pending the reference both Mrs. Yerkes and Mr. Soley died and the proceeding lapsed. In instituting another proceeding for the same relief the petitioners rely, as “Proof * * * of the truth of the allegations ” contained in their petition, upon the affidavits of Mrs. Yerkes and Mr. Soley used in the former proceeding. The question is whether or not they constitute “proof” within the meaning of the statute. Mr. Walter includes in his affidavit this clause; “Reference is here made to said petition [meaning that of Mrs. Yerkes] and affidavits now on file in *92 this court, and the same are asked to be read in connection with and as part of this affidavit.” The surrogate treated this clause as equivalent to a reaffirmation by Mr. Walter of the allegations contained in the affidavits referred to. This, we think, was an erroneous construction to give to the clause quoted, and, indeed, Mr. Walter in his brief expressly disclaims any intention to reaffirm as of his own knowledge the allegations contained in the affidavits of Mrs. Yerkes and Mr. Soley. It is clear that the only purpose and effect of referring to the former petition and affidavits was to incorporate them among the papers upon which the application for a citation was made.' It remains, therefore, to be considered what quality of “proof” the statute requires to support a petition. The test whether an affidavit used in a former proceeding can be used in a second proceeding is whether or not the affiant can be prosecuted for perjury if the allegations prove to be false. (Mojarrieta v. Saenz, 80 N. Y. 547; Langston v. Wetherell, 14 M. & W. 104.) Obviously, neither Mrs. Yerkes nor Mr. Soley could now be so prosecuted. It has also been held that where proof by affidavit is required before the issue of process, the affidavit of a person, who could not testify at the trial is not sufficient. (Brown v. Hinchman, 9 Johns. 75; Van Steenbergh v. Kortz, 10 id. 167; Connelly. Lasscells, 20 Wend. 77; Smithy. Luce, 14 id. 237.) We are, therefore of the opinion that the affidavits of Mrs. Yerkes and Mr. Soley were not competent proof to warrant the issue of á citation,, even assuming (but not deciding) that if they could be used they would furnish adequate proof of the facts stated in the petition. As to the nature óf the “proof’’ required by the statute, we are of the opinion that it must be competent legal proof of the same quality which would be required upon a hearing of the issues raised by the petition. This seems to be the rule applicable generally where a statute requires that proof shall be made before a citation or other process may be issued. . (Inglis v. Schreiner, 58 N. J Law, 120; Githens v. Mount, 64 id, 166.) And this is a reasonable rule in a case like the present, because it is not desirable that an executor or administrator should be put to the annoyance and the estate to the expense of adverse proceeding based upon mere hearsay, unsupported by any positive allega *93 tion of fact "by a person who may be held responsible. If it had been the intention of the Legislature that a citation for the removal of an executor or administrator might issue without affirmative legal evidence of the dereliction for which his removal is sought, it would have been quite unnecessary to require that the petition should be sustained by proof aliunde. We are unable to find that the petition upon which the citation was issued in the present case was supported by any positive or legal proof. The surrogate was, therefore, without jurisdiction to issue the citation, and the motion to vacate it should have been granted.
The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to vacate and set aside granted.
Ingraham, P. J., Clarke, Miller and Dowling, JJ., concurred.
Order reversed, with ten dollars costs and disbursements, and motion granted.