a necessary inference is sufficient. Whitman v. City of New York, 85 App. Div. 471, 83 N. Y. Supp. 465; Wiechers v. McCormick, 122 App. Div. 867, 107 N. Y. Supp. 835; Norris v. Hoffman, 133 App. Div. 596, 118 N. Y. Supp. 156; Brown v. Crabb, 156 N. Y. 447, 51 N. E. 306; Gage v. Kaufman, 133 U. S. 471, 10 Sup. Ct. 406, 33 L. Ed. 725.

Especially should this rule hold in a case like the present, where no question seems to have arisen as to the sufficiency of the complaint. Trustees v. Bowman, 136 N. Y. 521, 525, 32 N. E. 987.

The evidence in the case clearly brings it within these provisions of the Code, and the plaintiffs are therefore entitled to a decree adjudging the validity of their lease and foreclosing the defendant from any interference with the same save for such reasons as are set forth in the lease. Doscher v. Wyckoff, 113 N. Y. Supp. 655.

[9] The action is essentially equitable in its nature, and, as the conduct of the defendant is not such as to favorably impress a court of equity, the decree should be with costs against the defendant. King v. Ross, 28 App. Div. 371, 51 N. Y. Supp. 138; Renwick v. Weeden, 135 App. Div. 696, 698, 120 N. Y. Supp. 532.

Findings may be prepared in accordance with this opinion, and, if not assented to by counsel, settled before me on five days' notice.

---

(85 Misc. Rep. 661)

### In re McMULLEN.

#### (Surrogate's Court, Bronx County. May, 1914.)

1. EXECUTORS AND ADMINISTRATORS (§ 32*) — REVOCATION OF LETTERS — PROCEEDINGS BY PUBLIC ADMINISTRATOR—"CREDITOR"—"PERSON INTERESTED."

   Since the public administrator has preference, under Code Civ. Proc. § 2660, "after the next of kin and after an executor and administrator of a sole legatee named in a will whereby the whole estate is devised to such deceased sole legatee over creditors and all other persons," he is qualified to institute proceedings to revoke letters of administration, wrongfully issued to an incompetent person, though he is not a "creditor" or a "person interested" within Code Civ. Proc. § 2685, providing that such proceedings may be commenced on the petition of a creditor or person interested in a decedent's estate or as defined by section 2514, subd. 11.

   [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 191–212; Dec. Dig. § 32.*

   For other definitions, see Words and Phrases, vol. 2, pp. 1713–1726; vol. 8, pp. 7622, 7623; vol. 4, pp. 3696–3709; vol. 8, p. 7691.]

2. STATUTES (§ 231*)—CONSTRUCTION.

   The sections of the Code must be construed together and in relation to each other and harmonized so as to give effect to all, in so far as this can reasonably be done.

   [Ed. Note.—For other cases, see Statutes, Cent. Dig. § 312; Dec. Dig. §. 231.*]

3. EXECUTORS AND ADMINISTRATORS (§ 24*) — REVOCATION OF LETTERS — PROCEEDINGS BY PUBLIC ADMINISTRATOR.

   Laws 1898, c. 230, § 21, providing that the powers of the public administrator shall be superseded in relation to an estate where the letters of administration of the estate shall have been granted to another, does not

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

preclude him from receiving letters of administration after the appointment of another as administratrix, where the administratrix, though disqualified as such, had procured her letters through a false suggestion of a material fact.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 132–140; Dec. Dig. § 24.*]

4. EXECUTORS AND ADMINISTRATORS (§ 32*)—REVOCATION OF LETTERS—PETITION AND AFFIDAVITS—SUFFICIENCY.

A petition for the revocation of letters of administration under Code Civ. Proc. §§ 2685, 2686, and supporting affidavits making allegations of fact largely on information and belief, are sufficient to give the court jurisdiction to issue a citation, where such allegations give as the sources of information persons in being, and where the petitioner, affiants, and other persons may be called as witnesses.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 191–212; Dec. Dig. § 32.*]

5. APPEARANCE (§ 20*)—EFFECT AS WAIVER—JURISDICTION OVER PERSON—PROCEEDINGS TO REVOKE LETTERS OF ADMINISTRATION.

Under Code Civ. Proc. §§ 424, 2474, 2528, relative to appearance and effect thereof, where a party appears voluntarily by a general notice of appearance in proceedings for the revocation of letters of administration, the Surrogate's Court obtains jurisdiction over the person, and service of citation is waived.

[Ed. Note.—For other cases, see Appearance, Cent Dig. §§ 91–102; Dec. Dig. § 20.*]

Application by the public administrator of the county of Bronx, for revocation of letters of administration granted to Catherine Hazeldine, on the goods, chattels, and credits of Mary McMullen, deceased. Decreed according to opinion.

Ernest E. L. Hammer, of New York City, public administrator, of County of Bronx, petitioner.

Gordon & Rogers, of New York City, for Catherine Hazeldine, individually and as administratrix, etc.

SCHULZ, S. This is an application for the revocation of letters of administration granted by this court to Catherine Hazeldine, upon the goods, chattels, and credits of Mary McMullen, deceased. It is made by the public administrator of the county of Bronx, his contention being that the letters granted to her should be revoked because when they were issued to the said administratrix she was incompetent and disqualified by law to act as such, and that the grant of the letters was obtained by a false suggestion of a material fact. Code Civ. Pro. §§ 2661, 2685, subds. 1, 4. He applied to this court for the issuance of a citation upon his petition and the affidavits thereto annexed, to which reference will be more fully made hereafter. A citation was accordingly issued, subsequently followed by a supplemental citation, which latter was returnable on the 20th day of April, 1914. On April 17th, three days before the return day of the citation, the administratrix appeared generally by a written notice of appearance, filed on that day by her attorneys and accompanied by a power of attorney duly executed, whereby said attorneys were authorized and empowered to act as the attorneys for the said administratrix, to appear for her in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

this proceeding and to defend it in her behalf. Upon the return day of the supplemental citation, counsel for the administratrix appeared and filed objections to the proceeding on behalf of the administratrix, and moved that the same be dismissed upon two grounds: First, that the surrogate did not acquire jurisdiction to issue the citation and to make the order directing its issue, because the petition and affidavits upon which the application was made did not contain proof of the jurisdictional facts required by sections 2685 and 2686 of the Code of Civil Procedure; and, second, that the papers upon which the application was made failed to disclose that the petitioner was either a creditor or a person interested in the estate of the decedent. After the return day of the citation, the public administrator made a motion, praying for an order allowing an additional affidavit upon which the motion was made to be filed with the records in this proceeding and supplementing the facts contained in the petition and amending the petition nunc pro tunc, by incorporating in the petition the facts embodied in the affidavit. Counsel for the administratrix has not submitted his answer to the merits of the application, and has requested leave to file an answer on the merits in the event that the preliminary objections as above set forth are decided adversely to him. The first question that is presented to the court is the propriety of considering the affidavit attached to the last above-mentioned motion papers in deciding whether the order directing the issuance of the citation was properly made and the citation lawfully issued in accordance therewith. If the court had no jurisdiction to make the order and to issue the citation at the time they were respectively made and issued and upon the petition and affidavits before it and forming the basis of the court's action, it is doubtful whether an affidavit subsequently filed can cure such a jurisdictional defect (see Code Civ. Pro. § 2538, which does not refer to Code Civ. Pro. § 768); but, in view of my construction of the petition and affidavits, as hereinafter set forth, I deem it unnecessary to consider this affidavit in this connection, and an extended examination and a solution of this question thus are unnecessary. In passing upon the question as to whether the order and the citation were regularly and properly made and issued, I am therefore not considering the affidavit referred to on the motion.

The objections not being upon the merits, and thus somewhat in the nature of a demurrer in an action, I must assume for the sake of argument that the facts are generally as stated in the petition and affidavits upon which the application for the order and the citation was made. Again I am considering the documents with a view to ascertaining whether the present administratrix was a nonresident alien at the time she verified and filed the petition, and the conclusion I arrive at is based upon the answer to that question. I am not considering whether she became disqualified after the letters were issued, because as I read the papers the matter is clearly before me, on the theory that this administratrix was not qualified to receive them when she did receive them and when she filed her petition for the same, because at that time she was a nonresident alien. Code Civ. Pro. § 2661.

[1] In considering the objections raised by the administratrix, I shall first pass upon the authority of the public administrator to initiate

this proceeding. The contention of the administratrix is that this proceeding can be commenced only upon the petition of a creditor or a person interested in the estate of the decedent (Code Civ. Pro. § 2685); and, inasmuch as a person interested is defined by section 2514, subd. 11, to include "every person entitled, either absolutely or contingently, to share in the estate or the proceeds thereof, or in the fund, as husband, wife, legatee, next of kin, heir, devisee, assignee, grantee or otherwise, except as a creditor," the public administrator being neither a creditor of the estate nor a person interested as above defined, cannot begin this proceeding by his petition. The public administrator is an officer whose right to letters of administration is set forth in section 2660 of the Code which, so far as material, provides:

"The public administrator in the city of New York has preference, after the next of kin, and after an executor or administrator of a sole legatee named in a will whereby the whole estate is devised to such deceased sole legatee over creditors and all other persons."

This court has held in Matter of Kroog, 84 Misc. Rep. 676, 147 N. Y. Supp. 887, that the provisions of section 2660 apply to the public administrator of the county of Bronx. Laws of 1912, c. 548, § 3. If my conclusions in the Matter of Kroog were correct, the public administrator of Bronx county is entitled to letters of administration as set forth in said section 2660. The petition upon the application for letters of administration shows that the petitioner, being the respondent in this proceeding, was the only next of kin who, if the statements contained in that petition were true, was entitled to receive letters of administration, and it follows that if the petitioner therein was incompetent and disqualified to receive the same for the reasons urged, the public administrator of the county of Bronx is the next person entitled to receive them. Assuming, then, that the present administratrix was wrongfully appointed; that she obtained her appointment by a false suggestion of a material fact in her petition; that she was disqualified and incompetent under the law to act as administratrix—has the public administrator no right under section 2685 of the Code to ask for a revocation of her letters, because he is neither a creditor nor a person interested as above defined, notwithstanding the fact that he is and was under the law entitled to receive letters of administration? I am unwilling to favor a construction which would have such a manifest injustice as its result, and I do not believe that such a construction is either reasonable or necessary. When the Legislature gave the public administrator the right to receive letters of administration, it certainly could not have intended that if letters of administration were obtained by some one else, incompetent and disqualified to receive them, and procured through a wrongful act by the petitioner, such as a false suggestion of a material fact, he nevertheless had no remedy to apply for a revocation thereof. Such a construction would, in my judgment, have a result which would be unreasonable. Nor do I think that it is necessary because, while the subdivision of section 2514 is as quoted, the definition there given is not final, conclusive, and absolutely binding, but must be read in connection with the introduction

to that section, and is modified by the language thereof, for it provides that:

"In construing the provisions of this chapter, the following rules must be observed, *except where a contrary intent is expressly declared in the provision to be construed, or plainly apparent from the context thereof.*"

[2] The sections of the Code must be read together and in relation to each other and harmonized so as to give effect to all of them in so far as this reasonably can be done. People ex rel. Fifth Ave. Building Co. v. Williams, 198 N. Y. 238, 247, 91 N. E. 638, 139 Am. St. Rep. 809, and cases cited. Schamberg v. Whitman, 75 Misc. Rep. 215, 135 N. Y. Supp. 262, affirmed 151 App. Div. 939, 135 N. Y. Supp. 1141; Code Civ. Pro. §§ 3345, 3355.

[3] Nor can I see any force in another contention made by the respondent, namely, that the public administrator is precluded from receiving letters because letters have already been issued to another. The respondent refers to Laws of 1898, c. 230, § 21, which provides that the powers and authority of the public administrator in relation to the estate of any deceased person shall be superseded—

"where letters of administration of such estate shall have been granted to any other person, before the public administrator became vested with the powers of an administrator upon the same estate."

If the present administratrix had been qualified and competent to receive letters of administration and had received them as a result of a petition containing no false suggestion of a material fact, I would be inclined to consider the matter as more serious, but I am unwilling to believe that this law warrants the construction that a person can obtain letters of administration when not qualified to receive them and by a false suggestion of a material fact and through that wrongful act preclude the person rightfully entitled from receiving the same. I accordingly hold that the public administrator was qualified to begin this proceeding and to present the petition in question and obtain the relief prayed for, and that his authority was not superseded by the fact that letters of administration were issued to the present administratrix, assuming that the administratrix was incompetent and disqualified to receive the same and that they were obtained by a false suggestion of a material fact.

[4] In proceedings of this kind it has been held that the petition alone is not sufficient to authorize the surrogate, under section 2685 of the Code, to issue a citation. Matter of Owsley, 153 App. Div. 90, 137 N. Y. Supp. 1040; Moorhouse v. Hutchinson, 2 Dem. Sur. 429.

In the matter now before the court, the public administrator presents a petition and also three supporting affidavits. It is claimed that the petition in this proceeding does not set forth that the administratrix was an alien nonresident on the day when she verified and filed her petition applying for letters. A reading of the whole petition, however, and the attached affidavits to which it refers, is sufficient in my judgment to justify the construction that the administratrix was an alien nonresident and resided with her husband at 158 Lansdowne

street or avenue, Toronto, Canada, at the time she verified and filed her petition; that she came here after the death of her sister, attended the funeral, verified the petition for administration, executed the bond, and went back with her husband to her place of residence in Toronto, Canada, where she still resides.

The public administrator was a stranger to all parties interested, and of necessity his statements are largely on information and belief, but where statements are made which are not made of his own knowledge, or after investigations made by him personally in public offices, the sources of his information and the grounds of his belief are fully stated. The supporting affidavits also set forth the sources of the information and the grounds for the belief of the respective affiants. I have carefully examined Matter of Owsley, 153 App. Div. 90, 137 N. Y. Supp. 1040, as also the record on appeal in that case, consisting, among other papers, of a petition and the affidavits upon which the citation and injunction orders were issued. In that matter a proceeding had been brought for revocation of letters and, before the proceeding was concluded, the petitioner died. Subsequently, and after an intermediate application for a revival of the original proceeding, which was denied, a new proceeding was commenced. The allegations in the petition are almost all on information and belief, and the supporting affidavit refers to four other affidavits made in the prior proceeding, of which two set forth material facts, but the two affiants whose testimony would thus have been important were both dead. The question that was before the Appellate Division in the Owsley Case, therefore, was whether statements on information and belief, where the source of the information and grounds for belief were the affidavits of people who had died since the making thereof, and who thus could not be called in the proceeding and whose testimony could not be obtained, were sufficient to constitute proof, and the court held that such affidavits were not sufficient. I do not believe the court held that affidavits such as were presented in this proceeding were insufficient to authorize the issuance of a citation when the same stated fully and in the greatest detail the sources of information and the grounds for belief and gave the names and addresses of the persons from whom the information was obtained and who can be called as witnesses. It would seem that affidavits on information and belief are sufficient where the sources of information and the grounds of belief are stated. Atkinson v. Striker, 2 Dem. Sur. 261. This case was decided by Surrogate Rollins in October, 1883, and the same surrogate in April, 1884, decided Moorhouse v. Hutchinson, 2 Dem. Sur. 429, cited with approval in Matter of Owsley, in which he held that a petition standing alone was not sufficient to justify the issuance of a citation under section 2685. I am therefore of the opinion that the petition and the affidavits thereto annexed, submitted to this court prior to the making of the order and the issuance of the citation, were sufficient to give the surrogate jurisdiction in the matter.

[5] If, however, I should be in error, then we are met by a third question which involves the effect of a general notice of appearance accompanied by a power of attorney, filed by the respondent three

days prior to the return of the citation. Section 2474 of the Code provides:

"The surrogate's court obtains jurisdiction in every case, by the existence of the jurisdictional facts prescribed by statute, and by the citation or appearance of the necessary parties. * * *"

Section 2528 provides:

"* * * The appearance of a party against whom a citation has been issued has the same effect as the appearance of a defendant, in an action brought in the Supreme Court."

And section 424 of the Code, with reference to such an action, provides:

"A voluntary general appearance of the defendant is equivalent to personal service of the summons upon him."

The purpose of the issuing of a citation, therefore, is to obtain jurisdiction of the person involved in the proceeding. Such jurisdiction of course does not avail against an objection raised at any time that the surrogate has no jurisdiction of the subject-matter of the controversy. In the case at bar, the surrogate of the county of Bronx has jurisdiction of the subject-matter. His is the court in which an application for revocation of these letters must be made, and is the only court which has authority to entertain such an application with respect to these specific letters. If the citation was unauthorized, the party could attack the same by appearing specially and moving orally on the return day of the citation, or by a motion made as in the Owsley Case, but, where the party appears voluntarily by a general notice of appearance, the Surrogate's Court obtains jurisdiction, in so far as jurisdiction over the person is concerned, and the service of the citation, if not its issuance, is waived. Matter of Macaulay, 27 Hun, 577, affirmed 94 N. Y. 574; Matter of Bingham, 127 N. Y. 296, 306, 27 N. E. 1055.

In accordance with the views above expressed, I deny the motion of the respondent to dismiss the proceeding. Having considered the controversy upon the papers before the court when the citation was issued, and having reached the conclusion stated without considering the affidavit submitted by the public administrator upon his motion, I believe that the said affidavit should now be received and should be considered as one of the affidavits in the proceeding.

I accordingly grant the motion of the public administrator to that extent.

The administratrix may have to and including May 21st to file her answer.

Settle order on two days' notice to opposing side.

Decreed accordingly.